## MATTOX v. STATE OF INDIANA.

[No. 22,324. Filed May 28, 1913.]

1. BURGLARY.—*Evidence.*—*Sufficiency.*—Evidence showing an attempt in the night time to pry open the door of a business room, the approach of an officer, and the flight of the accused, is insufficient to show the crime of burglary, or a felonious breaking and entry with intent to commit a felony. p. 575.

From Criminal Court of Marion County (41,039); *Oren Hack,* Special Judge.

Prosecution by the State of Indiana against Paul Mattox. From a judgment of conviction, the defendant appeals. *Reversed.*

*Harry P. Mayer,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for appellee.

MYERS, J.—Appellant was indicted, tried, and found guilty of burglary, and it was found that he was twenty years of age, and he was sentenced to imprisonment in the reformatory for not less than ten nor more than twenty years.

The sole error assigned is in overruling appellant's motion for a new trial, and in support of his contention reliance is placed on the failure of the evidence to show an entry, and the refusal of instructions to the point that an entry with an implement which was used in the breaking, but not for the purpose of committing or aiding in the commission of the felony charged, does not constitute burglary, and the giving of instructions to the point that there may be a constructive burglary, by the entry of the appliance he used. The evidence shows the attempt in the night time, to pry open the door of a business room, by means of a bar of iron and a block of wood attempted to be inserted between the jamb and the door proper, the approach of an officer, and flight of appellant. This is not sufficient to constitute bur-

glary, or a felonious breaking and entry with intent to commit a felony, and the Attorney-General so admits. Gillett, Crim. Law §§267, 268; Roscoe, Crim. Ev. (10th ed.) 366; 2 Bishop, Crim. Law §93; 1 Wharton, Crim. Law (10th ed.) 759; 2 Russell, Crimes (6th ed.) 6; 6 Cyc. 183; *State* v. *Crawford* (1899), 8 N. Dak. 539, 80 N. W. 193, 73 Am. St. 773, 46 L. R. A. 312 and notes; *Rex* v. *Hughes* (1785), 2 East P. C. 491; *Rex* v. *Rust* (1828), 1 Moody C. C. 183.

The judgment is reversed, with instructions to the court below to grant a new trial, and to the superintendent of the reformatory to deliver the prisoner to the sheriff of Marion County.

NOTE.—Reported in 101 N. E. 1009.