LINK *v.* STATE OF INDIANA.

[No. 28,954. Filed June 23, 1953.]

*Charles W. Symmes,* and *Raymond Demaree,* both of Indianapolis, for appellant.

*J. Emmett McManamon,* former Attorney General, *Edwin K. Steers,* Attorney General, *Carl Humble,* Deputy Attorney General, *William T. McClain* and *John Ready O'Connor,* former Deputy Attorneys General, for appellee.

EMMERT, J.—This is an appeal from a judgment on a finding made by the court, without the intervention of a jury, that the appellant was guilty of burglary in the second degree, that he be imprisoned in the State Prison for a term not less than two nor more than five years and be disfranchised for a period of two years. The error assigned here is that the trial court erred in overruling appellant's motion for a new trial. The sufficiency of the evidence to sustain the finding is the only issue now presented.

The affidavit charged that the appellant, on the 22nd day of April, 1950, feloniously broke and entered a store building owned and operated by August Martin Duennes located in the City of Indianapolis, with the felonious intent to commit lar-

ceny. Burglary in the second degree is defined by Sec. 10-701, Clause (b), Burns' 1942 Replacement, and the offense is not committed unless the accused breaks and enters.[1] Section 2 of Ch. 54 of the 1929 Acts required either a breaking or an entering to constitute burglary in the second degree. This section was amended by Sec. 1 of Ch. 212 of the 1935 Acts which only required an entering. The present Act defining burglary in the second degree is an amendment of the latter act. *Dedrick* v. *State* (1936), 210 Ind. 259, 2 N. E. 2d 409, was decided under the 1929 Act, Sec. 10-701, Burns' 1933, and so is not in point in this appeal.

At about 2:25 o'clock the morning of April 22, 1950, two police officers observed the appellant standing in front of a door of a store owned and operated by August Martin Duennes at 420 East 22nd Street in the City of Indianapolis. The door had two locks, one above the other. The appellant had a crow bar, and had forced the bottom lock. He was prying to break the top lock when the policemen drove up in a car, and without waiting until he had completed the breaking, they arrested him.

When the evidence is viewed most favorably to the State, it discloses that appellant had one foot partially in the bottom of the door trying to pry the door open, the bottom lock was completely off, and the top lock was loosened so that it required small effort to open the door.

The facts in this case resemble the facts in *Mattox* v. *State* (1913), 179 Ind. 575, 576, 101 N. E. 1009, where the burglary was not consummated. The court

---

1. "Whoever breaks and enters into . . . any building or structure other than a dwelling house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree . . ." Section 10-701, Clause (b), Burns' 1942 Replacement.

said, "The evidence shows the attempt in the night time, to pry open the door of a business room, by means of a bar of iron and a block of wood attempted to be inserted between the jamb and the door proper, the approach of an officer, and flight of appellant. This is not sufficient to constitute burglary, or a felonious breaking and entry with intent to commit a felony, and the Attorney-General so admits."

Even though the top lock had been loosened, the door was not open, and additional force, although slight, was required to open the door. "The term 'breaking' as used in the statute has a well-known and definite meaning at common law, with reference to the offense of burglary; and, in order to constitute it, the action of the defendant must have been such as would, without additional effort, have made an entry possible." *Gaddie* v. *Commonwealth* (1904), 117 Ky. 468, 470, 78 S. W. 162, 111 Am. St. Rep. 259. "Actual breaking, as applied to burglary, means the making of an opening or mode of entrance into a building by force. 5 Am. & Eng. Enc. Law (2d Ed.) 45; Bishop, Stat. Crimes (3d Ed.) 312." *Minter* v. *State* (1903), 71 Ark. 178, 179, 71 S. W. 944.

We have no general statutory crime of attempting to commit a felony, nor is there any statute making it a crime to attempt to commit burglary.

The finding of the court was not sustained by sufficient evidence.

Judgment reversed, with instructions to the trial court to grant appellant's motion for a new trial.

NOTE.—Reported in 113 N. E. 2d 43.