Lewis C. BAILEY, Defendant Below,
Appellant,

v.

The STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

July 26, 1967.

Michael F. Tucker, Asst. Public Defender, Wilmington, for defendant below, appellant.

Richard G. Elliott, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, Chief Justice, HERRMANN, Justice, and McNEILLY, Judge, sitting.

HERRMANN, Justice.

This appeal requires interpretation of the word "enter" as used in 11 Del.C. § 395, making it an offense to "break and enter" a building with intent to commit a crime therein. The word is defined by the Statute [11 Del.C. § 391(d)] as follows:

"(d) Enter. The word 'enter', as used in this section, includes the entrance of the offender into such building or apartment, or the insertion therein of any part of his body or of any instrument or weapon held in his hand, and used, or intended to be used, to threaten or intimidate the inmates, or to detach or remove property."

■ . The defendant Lewis Bailey was charged with breaking and entering a building which housed an advertising company, with intent to commit larceny therein. At his trial before a jury, the State adduced evidence showing that Bailey left home in the early morning hours carrying a 17 inch crowbar. At about 3:00 A.M., he used the crowbar to pry off part of the door panel of the building involved. The crowbar pierced through the door to the interior of the premises. Because of the arrival of a police officer, the defendant

fled without further entry into the building. He admitted to the officer, however, that he intended to burglarize the premises.

The jury found the defendant guilty as charged. At the close of the State's case, at the close of all the evidence, and again after the verdict, the defendant moved for judgment of acquittal under Superior Court Criminal Rule 29 Del.C.Ann. on the ground that the State failed to prove an entry. From the denial of those motions, the defendant appeals.

In our opinion, the Trial Court was correct in holding that there was sufficient evidence of an "entry", within the statutory definition, to sustain the conviction. The Statute proscribes, as an entry, the "insertion" into the building of any "instrument" held in the defendant's hand and "intended to be used" to "detach or remove property". We think that the defendant's conduct falls within the proscription of the Statute.

■ Neither expressly nor by necessary implication does the Statute require that the offender must intend the detachment or removal of property to occur at the moment of insertion only. This was the common law requirement. See 3 Burdick, Law of Crime, § 704a; 2 Wharton's Criminal Law and Procedure (Anderson Ed.) § 421. The common law definition was enlarged, in our view, by § 391(d). From the language used, we think that the Legislature intended to relate the intended detachment or removal of property not only to the moment of insertion but also to a later time as well.

■ The evidence, with all permissible inferences deducible therefrom, must be considered for present purposes from the viewpoint most favorable to the State. State v. Biter, 10 Terry 503, 119 A.2d 894 (1955); 8 Moore's Federal Practice (2d Ed.) ¶¶ 29.06, 29.09 [2]. From that point of view, it is permissible and reasonable to infer from the evidence that the defendant selected and used the crowbar not only as a tool for the breaking but also with intent to detach or remove property with it after he was inside the premises.

The defendant relies upon Mattox v. State, 179 Ind. 575, 101 N.E. 1009 (1913); State v. O'Leary, 31 N.J.Super. 411, 107 A.2d 13 (1954); State v. Grubaugh, 54 N.M. 272, 221 P.2d 1055 (1950). We find those cases inapposite because of distinguishing facts and because none involved a statutory definition such as ours.

Accordingly, it is held that there was evidence of an entry, within the statutory definition, sufficient to sustain the conviction. The judgment of the Superior Court is affirmed.