MICHAEL ARNOLD *v.* STATE OF INDIANA.

[No. 2-273A28. Filed August 22, 1973. Rehearing denied October 15, 1973. Transfer denied January 24, 1974.]

*Marshall E. Williams,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HOFFMAN, C.J.—Defendant-appellant Michael Arnold was charged by affidavit with the crime of second degree burglary. Arnold was tried by a jury which entered its verdict finding him guilty of second degree burglary. Judgment was entered on the verdict of the jury and Arnold was sentenced to be imprisoned for not less than two nor more than five years. The motion to correct errors filed by Arnold was overruled and this appeal followed.

On appeal, Arnold first contends that State's Exhibit "C", a "latent print" card, was erroneously admitted into evidence because no foundation was laid identifying it as having some material connection with the crime charged.

Even assuming, arguendo, that no foundation was laid for the admission of State's Exhibit "C", error arising therefrom

does not necessitate reversal. Courts of review in Indiana have long held that admission of improper evidence which tends only to disclose a fact clearly proved by other admissible and uncontradicted evidence is harmless error. *Easton* v. *State* (1972), 258 Ind. 204, 280 N.E.2d 307; *Shank* v. *State* (1972), 154 Ind. App. 147, 289 N.E.2d 315, 33 Ind. Dec. 527.

Here, State's Exhibit "C" was circumstantial evidence identifying Arnold as the burglar. Error, if any, was rendered harmless because such fact was directly established by the following testimony which is contained in the record before us.

Paul Phillip Deubner testified, on direct examination, that on May 3, 1972, he observed Arnold in the company of another man break four windows in Michelle's Massage Parlor and enter the building. Deubner further testified that he saw one of the men "go out the back, carrying some stuff in his hands."

Police Officer Gilbert E. Coyle testified, on direct examination, that on May 3, 1972, he was on his way home from work when he was advised by a passing motorist that the motorist had heard children breaking glass in the 2500 block of West 16th Street. Officer Coyle proceeded to that area and pulled up in front of Michelle's Massage Parlor where he saw a subject standing in front of the door. Officer Coyle further testified that the subject turned and ran through the building and out the rear. Officer Coyle thereafter recovered from behind the building a clock radio and hand vibrator which were identified as having been inside the building prior to the burglary.

Error, if any, in the admission of State's Exhibit "C" was harmless.

Arnold next contends that the trial court erred in overruling his motion for discharge which was based on the failure of the trial court to follow the following portion of CR. 11, Ind. Rules of Procedure:

"In all courts of superior jurisdiction having general jurisdiction to try felony charges, the trial court shall sentence a defendant convicted in a criminal case on a plea of not guilty within thirty [30] days of the finding or verdict of guilty."

The record before us indicates that the verdict of the jury was returned at 10:15 P.M. on September 11, 1972. Thereafter, the judge, in open court, ordered a precommitment investigation and set sentencing for October 12, 1972, at 1:30 P.M., being 31 days after the rendering of the verdict. Arnold made no objection during the 30-day period; although prior to sentencing, on the 31st day, he filed a motion for discharge.

Under prior law it has been held that delay in rendering sentence without justification will deprive the court of jurisdiction over the person of defendant. *Stevens* v. *State* (1949), 227 Ind. 417, 86 N.E.2d 84; *Warner* v. *State* (1924), 194 Ind. 426, 143 N.E. 288. However, delay "for cause shown" is not an indefinite postponement and will not render a subsequent sentence void. *Smeltzer* v. *State* (1962), 243 Ind. 437, 185 N.E.2d 428.

The instant case is controlled by CR. 11, *supra,* which mandates a court to sentence a defendant within 30 days of the finding or verdict. Error was committed. However, the defendant may not seek a windfall by forebearing objection during the 30-day period, then on the 31st day demand discharge on account of the delay. Had the error been called to the attention of the trial court during the 30-day period and had no remedial action been taken, we would have an altogether different case. Under the particular facts here presented Arnold waived the error.

The judgment of the trial court convicting Michael Arnold of second degree burglary is affirmed.

Affirmed.

Sharp, J., concurs; Staton, J., concurs in result.

NOTE.—Reported at 300 N.E.2d 135.