THOMAS LEE STOUT *v.* STATE OF INDIANA.

[No. 373S34. Filed November 27, 1974.]

*J. E. Holwager, Holwager & Harrell,* of Beech Grove, for appellant.

*· ·Theodore L. Sendak,* Attorney General, *David A. Miller,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted in a trial to the judge of Assault and Battery with Intent to Kill and of Kidnapping, being respectively Burns Ind. Ann. Stat. § 10-401a (Acts 1959, ch. 49, § 1, p. 119), IC 35-13-2-1 and Burns Ind. Ann. Stat. § 10-2901 (Acts 1905, ch. 169, § 358, p. 584; 1929, ch. 154, § 1, p. 477), IC 35-1-55-1. Two issues are presented by his appeal, to-wit:

(1) Sufficiency of the evidence.
(2) Illegality of the sentencing.

\* \* \*

ISSUE I. Defendant's argument upon the sufficiency issue is addressed primarily to the kidnapping conviction; however, his theory, if supportable, is applicable to both crimes. It is his contention that at the time he committed the illegal acts he was incapable, by reason of alcohol and drug ingestion, of the requisite specific intent.

While voluntary intoxication is not a defense in a criminal proceeding, it is, nevertheless, well recognized that the absence of a specific intent, regardless of the cause of such mental state, is a defense to any crime requiring such an intent. To this extent, ·mental incapacity, although occasioned by the voluntary ingestion of alcohol or drugs, is a defense. The existence of this mental condition or incapacity, however, is a question of fact to be determined by the trier thereof—in this case, the trial judge. *Preston* v. *State* (1972), 259 Ind. 353, 287 N.E.2d 347; *Daniels* v. *State* (1971), 257 Ind. 376, 274 N.E.2d 702; *New* v. *State* (1970), 254 Ind. 307, 259 N.E.2d 696.

Given the foregoing, we acknowledge that the apparent senselessness of the defendant's actions in committing the assault and battery and the abduction of the State's witness would be persuasive factors and that there was evidence of consumption of a substantial amount of alcohol and of some

drugs shortly prior to such acts. The defendant fired a shotgun at his friend's automobile and at his own house, without apparent reason or motivation. He pointed the gun at the husband of the prosecuting witness while the witness and her husband were stopped in their automobile at a traffic signal. He fired into the automobile, striking both the prosecuting witness and her husband, both of whom were strangers to him. He ordered both from the automobile, and after they alighted he ordered the prosecuting witness back in. He then entered the driver's seat and drove away. After driving approximately one mile, he stopped for a traffic signal, whereupon the witness escaped. The foregoing appear to be the acts of a maniac.

On the other side of the scales, the trial judge also considered that the prosecuting witness testified that although the foregoing related acts did not appear to be those of a rational and sane man, the defendant behaved normally during the ride, during which time he conversed normally with her, expressed concern for the blood on her face and declined her request to tell her where he was taking her. Shortly after his escape, the defendant returned to his friend previously mentioned and told him that he was in trouble.

From the foregoing, we find that there was substantial evidence of probative value from which the trial judge could properly find that at the time the defendant committed the unlawful acts he was possessed of sufficient mental capacity to have formed the requisite specific intent. We will disturb the determination of the trier of fact only when the evidence is without conflict, leads to but one reasonable conclusion and the trier of fact reaches a contrary conclusion. *Williams* v. *State* (1973), 261 Ind. 385, 304 N.E.2d 311; *Turner* v. *State* (1972), 259 Ind. 344, 287 N.E.2d 339; *Pinkerton* v. *State* (1972), 258 Ind. 610, 283 N.E.2d 376; *Fuller* v. *State* (1971), 256 Ind. 681, 271 N.E. 2d 720.

ISSUE II. The trial court did not sentence the defendant

until forty-eight days after the finding of guilty upon a plea of not guilty, notwithstanding the Criminal Rule 11 requirement that it be done within thirty days. Defendant contends that under the rule and the case law, the court lost jurisdiction of the defendant when it failed to comply with the time requirement. *Arnold* v. *State* (1973), Court of Appeals, Third District, 300 N.E.2d 135 is clearly against him, in view of his failure to object, and he has cited *McMinoway* v. *State* (1973), 260 Ind. 241, 294 N.E.2d 803 as authority for the proposition that the rule should be strictly construed. We are unable to discern why he takes comfort in *McMinoway*, as in that case we merely held that within the context of that case "sentencing" and "judgment" were synonymous.

It may be well to clarify *Arnold* v. *State* in advance of its possible misapplication. That case did not hold that the defendant has the burden of procuring sentencing and that he waives the delay if he fails to do so. It is pointed out that Arnold failed to object to the scheduling of sentencing for a day subsequent to the mandatory period, although he had full knowledge of the day set and would be presumed to know the rule. Had he objected, he doubtlessly would have been granted an earlier sentencing, absent some justifiable reason why it could not occur prior to the scheduled date. The decision is consistent with subsequent opinions of this Court involving Criminal Rule 4. *Bryant* v. *State* (1973), 261 Ind. 172, 301 N.E.2d 179; *Utterback* v. *State* (1974), 261 Ind. 685, 310 N.E.2d 552.

In the case at bar, the evidence was concluded on September 15, 1972. The case was continued for the filing of briefs and set for findings on September 22nd. On September 22nd, the findings of guilty were rendered, pre-commitment investigation ordered and sentencing set for October 26th. Defendant and his counsel were present and did not object. On October 26th, with the defendant and his counsel again in court, a judge pro tem announced that the regular judge was unable to be present by reason of in-

volvement in another trial, and sentencing was again continued—this time to November 9th. Again, no objection to the delay was made. Under these circumstances, the failures to object are deemed waivers.

In the "issues" and "summary of argument" sections of his brief, Appellant appears to be challenging the sufficiency of the evidence by reason of a variance in the proof from the allegations of the affidavit, in that the affidavit alleged the offense occurred on December 30, 1971 whereas the proof disclosed that it in fact occurred on December 29, 1971. This proposition has not been argued and supported by authority in the "arguments" section of his brief, hence it is waived, and we need not go to it. We note in passing, however, that the authority is against the defendant in this respect.

We find no error, and the judgment of the trial court is affirmed.

Arterburn, C.J. and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported at 319 N.E.2d 123.