## COOPER McCORMICK *v.* STATE OF INDIANA

[No. 2-1077A397. Filed October 31, 1978. Rehearing denied
December 7, 1978. Transfer denied March 19, 1979.]

*Sharon Carroll Clark, Gregg & Clark,* of Anderson, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Mark Allen Mertz,* Deputy Attorney General, for appellee.

SHIELDS, J.—The appellant, Cooper McCormick (McCormick), was

charged with Second Degree Burglary, I.C. 35-13-4-4(b) (Burns Code Ed. 1975).[1] In a trial by the court, McCormick was convicted as charged and sentenced to a term of not less than two nor more than five years.

The following issues are presented for our review: (1) whether there was sufficient evidence of a breaking and an entering; (2) whether the act of breaking and entering a "truck" constitutes second degree burglary within the meaning of I.C. 35-13-4-4(b), and (3) whether the trial court lost jurisdiction over McCormick as a result of its failure to sentence him within 30 days of its finding of guilt.

We affirm.

The evidence most favorable to the State reveals that on the evening of August 8, 1975, at approximately nine p.m., McCormick entered a pick-up truck, owned by William Nicholson, parked in the Delco Remy parking lot at the corner of 27th and Monroe Streets in Anderson, Indiana. McCormick removed a citizens band radio (CB) from the truck and departed toward his apartment, which was located approximately one block away. McCormick deposited the CB in an alley near his apartment and returned to the scene of the crime. This time, he went across the street from the parking lot and entered the White Front Tavern to use the restroom. Upon exiting the tavern, McCormick walked across the street and again entered Nicholson's truck.

As McCormick was entering the truck this second time, several persons from the tavern crossed the street and confronted him. When two of these witnesses questioned McCormick as to what he was doing, a brief scuffle ensued. McCormick then fled the scene on foot. Based upon an identification by one of the tavern's patrons who was acquainted with McCormick, he was subsequently arrested at his apartment.

I

In *Cook v. State* (1972), 258 Ind. 667, 671, 284 N.E.2d 81, 84, the court defined the elements of second degree burglary to be "(a) breaking and

---

1. I.C. 35-13-4-4(b) was amended by Acts 1976, P.L. 143, § 1, p. 697, and repealed by Acts 1976, P.L. 148, § 24, p. 816, effective October 1, 1977. For current law see Ind. Code Ann. § 35-43-2-1 (West 1978).

entering into (b) any building other than a dwelling house (c) with the intent to commit a felony therein." See also *Beard v. State* (1975), 164 Ind.App. 210, 327 N.E.2d 629. The appellant alleges there was insufficient evidence to establish the first element, to wit: breaking and entering.

When reviewing the sufficiency of the evidence, this Court considers the evidence most favorable to the verdict together with all reasonable inferences which may be drawn from that evidence. If there is substantial evidence of probative value to support each element of the offense, the judgment will be affirmed. *Moore v. State* (1978), 268 Ind. 519, 376 N.E.2d 1129.

McCormick's contention that the evidence was insufficient to establish a "breaking" is based upon the inconsistencies of the State's witnesses as to how he actually gained entry into the truck. When reviewing the sufficiency of the evidence, this Court does not judge the credibility of witnesses nor weigh the evidence. *Bryant v. State* (1978), 268 Ind. 498, 376 N.E.2d 1123. It is true that the evidence was conflicting as to how McCormick gained entry into the truck. The evidence of record does, however, show that the doors to the truck were shut and locked when Nicholson parked it earlier in the evening. The evidence further reveals that the only inconsistency in witness Nancy Patton's testimony was whether McCormick opened the door by turning the door handle or whether he used a clothes hanger to open the door.

In order to constitute a "breaking," it is not necessary to show forcible entry, only that some physical act was used to gain entry. *Gooch v. State* (1975), 165 Ind.App. 162, 331 N.E.2d 467. The opening of an unlocked door is sufficient to constitute a "breaking." *Richardson v. State* (1968), 247 Ind. 610, 220 N.E.2d 345. Therefore, whether or not McCormick used a clothes hanger to gain entry is immaterial; for, the mere act of turning the door handle is sufficient evidence of McCormick's "breaking" into the truck. *Richardson v. State, supra.*

McCormick further alleges that the evidence was insufficient to establish an "entry" because of conflicting testimony as to whether he was lying inside the truck when the witnesses approached him, or

whether he was standing on the ground while leaning inside the truck when the encounter took place. This conflict in the evidence, however, is immaterial; for, as McCormick concedes, it was not necessary to prove that he got his whole body into the vehicle.

A similar argument was advanced in *Penman v. State* (1975), 163 Ind.App. 583, 325 N.E.2d 478, wherein the court stated at p. 480:

> The crux of Penman's argument is that a person cannot be said to have "entered" a building until his entire person is within the boundaries of the structure. We do not agree with this statement of the law. A more accurate statement is that a person has entered a structure when he has essentially put himself in a position to commit a felony within the confines of that structure. While it is not sufficient to show that a defendant has placed a foot partially inside a door, [Link v. State (1953), 232 Ind. 466, 113 N.E.2d 43] or inserted an iron bar between the jam (sic) and the door, [Mattox v. State (1913), 179 Ind. 575, 101 N.E. 1009], a showing that defendant has leaned through a window to enable him to take money from a jukebox is sufficient to establish the element of entry.

Consequently, even if McCormick were standing on the ground, by leaning with his hands inside the truck, he put himself in a position to commit a felony within the confines of the truck.

## II

I.C. 35-13-4-4(b) provides:

> Whoever breaks and enters into any boat, wharfboat, or other watercraft, interurban car, streetcar, railroad car, automobile, an attached or unattached trailer, semitrailer or camper; or airplane, or other aircraft, or any building or structure other than a dwelling house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, and upon conviction shall be imprisoned not less than two (2) years nor more than five (5) years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period: Provided, however, That the court shall have power to suspend prison sentence and place the defendant on probation in accordance with existing law. (emphasis added).[2]

---

2. Acts 1976, P.L. 143, § 1, p. 697, substituted the word "motor vehicle" in the place of "automobile."

It is McCormick's contention that a breaking and entering of a "truck" does not constitute second degree burglary because a "truck" is not listed in I.C. 35-13-4-4(b), and none of the designated vehicles, items, or places can be construed to include a "truck."

> While it is true, as McCormick contends, that penal laws are to be strictly construed, it is also true that:

> Courts are not bound to adopt a construction that would lead to such manifest absurdity in order that the strict letter of the statute may be adhered to. They will rather look to the intention of the legislature, as gathered from the import of the whole act, and will carry out such intention as thus obtained. As said by an Indiana law writer: "Though penal laws are to receive a strict construction, they are not to be construed so strictly as to defeat the obvious or expressed intent of the legislature." Gillett, Crim. Law § 20.

> *Ross v. State* (1894) 9 Ind.App. 35, 38-39, 36 N.E. 167, 168-69.

In BLACK'S LAW DICTIONARY 1679 (Rev. 4th ed. 1968) "truck" is defined, *inter alia*, as an automobile for transporting heavy loads. See also Webster's Third New International Dictionary 2454 (Unabridged ed. 1976), wherein "truck" is defined, *inter alia*, as an "automotive vehicle built for the transportation of goods on its own chassis." Under these definitions, "automobile," as used in I.C. 35-13-4-4(b), can be construed to include a "truck." We therefore hold that a "truck" is an "automobile" within the meaning of I.C. 35-13-4-4(b).[3]

### III

McCormick's final contention is that the trial court lost jurisdiction over him by failing to sentence him within thirty days after entering its finding of guilt. The record reveals that the trial court entered its finding of guilt on April 26, 1977. At that time the trial court ordered a presentence investigation report and continued bond until the date

---

3. Although, in light of our disposition of this issue, we need not address this point, it is arguable that "truck" also falls within the definition of "structure." See e.g. BLACK'S LAW DICTIONARY 1592 (Rev. 4th ed. 1968), wherein "structure" is defined as "Any construction or any production or piece of work artificially built up or composed of parts joined together in some definite manner."

of sentencing. No date was set for sentencing at that time and McCormick did not then object to the court's failure to do so. On May 24, 1977, the trial court made the following entry:

Comes now the Court, having failed to receive pre-sentence investigation report as ordered . . . and the court being presently engaged in a civil jury trial, court is unable to appear for the defendant's sentencing in statutory time, and sentencing is re-set for 1:30 p.m. on May 31, 1977.

Thereafter, on May 26, 1977, the presentence report was filed. The sentencing was not held until June 2, 1977, being 37 days after the rendering of the verdict. It was not until this date, June 2, 1977, that McCormick objected to the delay.

I.C. 35-8-1A-2 (Burns Code Ed. 1975), provides, in relevant part:

Upon entering a conviction the court shall set a date within thirty (30) days for sentencing, unless for good cause shown an extension is is (sic) granted.

Criminal Rule 11 of the Indiana Rules of Procedure provides:

In all courts of superior jurisdiction having general jurisdiction to try felony charges, the trial court shall sentence a defendant convicted in a criminal case on a plea of not guilty within thirty (30) days of the finding or verdict of guilty.

Two interrelated duties are imposed upon the trial court by the above provisions. First, upon entering the conviction, the trial court must *at that time* set a date for sentencing, such date being within thirty (30) days. I.C. 35-8-1A-2. Secondly, the trial court must sentence the convicted defendant within thirty (30) days after the guilty verdict. CR. 11.

The trial court, in the instant case, committed error by failing to set a sentencing date when it entered the finding of guilt on April 26, 1977. I.C. 35-8-1A-2. By failing to object, however, McCormick waived the error. See generally *Taylor v. State* (1976), 171 Ind.App. 476, 358 N.E.2d 167; *Stout v. State* (1974), 262 Ind. 538, 319 N.E.2d 123; *Arnold v. State* (1973), 157 Ind.App. 359, 300 N.E.2d 135.

The trial court did not, however, commit error by failing to sentence McCormick until 37 days had elapsed from the time the guilty verdict was entered. The trial court is excused from exact compliance with

CR. 11 where there is "good cause" for the delay. *Taylor v. State, supra; Moore v. State* (1972), 154 Ind.App. 482, 290 N.E.2d 472. In the instant case, the order book entry of May 24, 1977 indicates that the trial court was seeking adequate information and time to review that information prior to sentencing McCormick. The trial court also was engaged in a civil jury trial at the time. The record reveals that "good cause" was shown for the delay.

Under these circumstances, moreover, the appropriate remedy is imposition of the sentence, not a discharge. *Taylor v. State, supra*, 358 N.E.2d at 172, discussing the remedies available when sentencing has not been timely, held that the:

... availability of discharge for a person found guilty of a criminal offense but not promptly sentenced is limited to circumstances where the record discloses a deliberate attempt upon the part of the court to withhold sentence or where the facts disclose a delay in the imposition of sentence without excuse or justification for such a period of time as to offend basic notions of fundamental fairness if the court were to then impose sentence.

The judgment of the trial court is in all respects affirmed.

Buchanan, C.J. and Sullivan, J. concur.

NOTE—Reported at 382 N.E.2d 172.