Louis S. ANEZ, Appellant,

v.

STATE of Indiana, Appellee.

No. 3-280A45.

Court of Appeals of Indiana, Third District.

Aug. 27, 1980.

Charles F. Leonard, Trempee, Bechert & Leonard, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant Louis S. Anez was found guilty of burglary for which he was committed to the Indiana Department of Corrections for a period of three years. The sole issue in this appeal is whether there was sufficient evidence to establish the elements of the crime of burglary.

■ In reviewing a claim of insufficient evidence, a court will not weigh the evidence nor determine the credibility of witnesses, but will look only to the evidence most favorable to the State, along with all reasonable inferences to be drawn therefrom. A conviction will be upheld so long as there is sufficient evidence of probative value from which the defendant could be found guilty beyond a reasonable doubt. *Willard v. State* (1980), Ind., 400 N.E.2d 151.

Viewing the evidence in a light most favorable to the State discloses that around 12:36 A.M. on February 25, 1979, Officer Crick of the Allen County Police Department observed Anez with his hands and arms inside a broken rear window of the Powers Hamburger restaurant. When Anez saw Officer Crick in his marked police car, he ran in the opposite direction, with Officer Crick pursuing in the vehicle. Anez slipped and fell three times on the icy pavement during the chase.

Upon apprehension of defendant, Officer Crick became aware that Anez was losing a considerable amount of blood from lacerations on his right hand. Officer Crick later discovered blood on pieces of glass on the ground under the broken window.

Questioning of the defendant revealed that he had been drinking and had used a rock to break the window of the restaurant. The intent behind these actions was to get "anything valuable" which could later be sold.

■ The Indiana Court of Appeals has held that "[a] person 'enters' within the meaning of the burglary statute when he puts himself in a position to commit a felony inside the structure." *Perdue v. State*, (1979), Ind.App., 398 N.E.2d 1290, at 1293. *Lee v. State* (1976), Ind.App., 349 N.E.2d 214; *Penman v. State* (1975), 163 Ind.App. 583, 325 N.E.2d 478. *Cissna v. State* (1976), Ind.App., 352 N.E.2d 793. Anez contends, based upon the restaurant manager's testimony that nothing was within Anez' reach, that he was not in a position to commit a felony inside the structure and thus had not entered the structure. Defendant bases his argument on *Link v. State* (1953), 232 Ind. 466, 113 N.E.2d 43 in which the Indiana Supreme Court held that evidence was insufficient to sustain a burglary conviction where defendant's foot was placed partially inside a doorway in an attempt to pry open the door.

To the extent that Anez relies on *Link* to define "entry," he misreads the case. The court there held that,

> "[t]he term 'breaking,' as used in the statute, has a well-known and definite meaning at common law, with reference to the offense of burglary; and, in order to constitute it, the action of the defendant must have been such as would, without additional effort, have made an entry possible." (Citations omitted)
>
> 113 N.E.2d at 44.

Inasmuch as one lock was still attached to the door, Link had not completed the breaking.

Once a breaking has been completed, however, entry may be made by leaning through a window in order to pry open a jukebox, *Penman v. State, supra,* or by placing one's foot and shoulder inside a building, *Lee v. State, supra.* Additionally, it was held in *McCormick v. State* (1978), Ind.App., 382 N.E.2d 172 that merely leaning with one's hand inside a truck constitutes an entry with reference to the crime of burglary.

The fact that in the case now before this Court nothing was within the reach of Anez is irrelevant. Defendant stated that he intended to get "anything valuable" from the restaurant. That Anez was mistaken in the belief that he could reach something valuable does not constitute a defense to the crime.

■ The circumstances under which a mistake of fact constitutes a defense are found in IC 1971, 35–41–3–7 (Burns 1979 Repl.). That statute provides:

"It is a defense that the person who engaged in the prohibited conduct was reasonably mistaken about a matter of fact if the mistake negates the culpability required for commission of the offense."

*Id.* It is obvious through Anez' statement of his intent to get "anything valuable" from the restaurant that his culpability was not negated by his mistake.

Anez also argues that, due to his intoxicated state, the evidence was insufficient to establish the requisite intent to commit a burglary. This argument is based on Officer Crick's testimony that at the time of arrest Anez had a "strong smell of alcohol on his breath, his speech was very slurred, his actions were slow, [and] his reaction to pain from the very serious injuries was nil." Officer Crick further testified that Anez also appeared to be feeling little pain thirty minutes after the arrest when his hand was being repaired at the hospital.

■■ The existence of a mental incompetency such as intoxication is a question of fact to be determined by the trier thereof. *Stout v. State* (1974), 262 Ind. 538, 319 N.E.2d 123; *Coe v. State* (1975), 163 Ind. App. 489, 324 N.E.2d 506. A reviewing court will disturb the determination of the trier of fact only when the evidence is without conflict, leads to but one reasonable conclusion and the trier of fact reaches a contrary conclusion. *Stout v. State, supra.*

■ Although there is some evidence that Anez was intoxicated to the point that he could not form the requisite intent to commit the offense, it cannot be said that this evidence is without conflict. Anez was arrested at approximately 12:36 A.M. on February 25, 1979. At 10:35 A.M. on February 26, 1979, he was questioned by detectives. In response to a question, Anez acknowledged his intent to get "anything valuable" from the building. Anez' own statement indicates that he had formed an intent to commit a felony inside the restaurant. The evidence is thus sufficient to sustain the trial court's finding of intent.

The evidence having been found to be sufficient to establish the elements of the crime of burglary, the judgment of the trial court is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.