Davis BOOTH, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1–1080A290.

Court of Appeals of Indiana, First District.

March 2, 1981.

Rehearing Denied April 15, 1981.

Harry L. Zerbe, Lawrenceburg, R. Davy Eaglesfield, III, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., George B. Huff, Jr., Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Davis Booth (Booth) appeals the jury verdict convicting him of criminal recklessness, *Ind.Code* 35–42–2–2(b), and operating a mo-

tor vehicle while intoxicated resulting in the death of another person, *Ind.Code* 9–4–1–54(b)(1). Booth argues on appeal that the trial court erred by overruling his motion to strike the jury array, by refusing to give an offered instruction, and that the evidence was insufficient to sustain the convictions.

We affirm.

Booth argues that he was denied a fair and impartial jury because the jury selection process was allegedly improper. Booth conducted a statistical study of the eighty-five prospective jurors contained in the venire. The venire is drawn from the voting list. The list contained two people of age sixty-five and older and thirty-two women. These amounts are disproportionate to the percentages of these two groups as contained on the voting lists. The jury venire contained approximately thirty-eight percent women as compared to the voting list which is over fifty percent women, and only two percent of people age sixty-five and older who make up twenty-one percent of the voting population of the county. Booth argues that the disproportionate representation of these two groups establishes a *prima facie* case of an improper jury selection process.

The standard for testing jury arrays are set forth in *Holt v. State*, (1977) Ind., 365 N.E.2d 1209. The supreme court stated:

Due process requires a fair and impartial jury. The right to an impartial jury precludes systematic and intentional exclusion of any particular class of persons, but does not require any particular class be represented. Although a jury must be selected from a fair cross section of the community, jurors need not be mathematically proportioned to the community. The burden of demonstrating prejudicial discrimination is on the defendant. (Citations omitted).

365 N.E.2d at 1211.

The purpose underlying the statutes [1] governing the jury selection process is to avoid the use of arbitrary methods and to prevent the systematic or intentional exclusion of any distinct group. *Shack v. State*, (1972) 259 Ind. 450, 288 N.E.2d 155. In the instant case, Booth has supplied statistical calculations, but has not provided evidence to establish either an intentional or systematic exclusion of the two groups. Booth has failed to show he was subject to prejudicial discrimination with the jury venire. We remain unpersuaded that Booth was denied a fair and impartial jury.

Booth alleges the trial court erred in refusing to give an instruction. Failure to give an instruction is not reversible error if the offered instruction contains an incorrect statement of law or if the substance of the offered instruction is addressed by the other instructions which were given. *Hall v. State*, (1980) Ind., 405 N.E.2d 530. The instruction submitted by Booth was covered by an instruction which gave a clear definition of recklessness and an instruction which informed the jury that mere negligence or inadvertence did not constitute criminal recklessness.

Booth argues that the evidence was insufficient to support the convictions of criminal recklessness, IC 35–42–2–2(b) and operating a motor vehicle while intoxicated resulting in the death of another person, IC 9–4–1–54(b)(1). In reviewing the sufficiency of the evidence, this court examines the evidence most favorable to the verdict along with all reasonable inferences which can be drawn from the evidence. The verdict will be affirmed if there exists substantial evidence of probative value to support each element of the offense. *McCormick v. State*, (1978) Ind.App., 382 N.E.2d 172. Upon review, this court will not reweigh the evidence or judge the credibility of witnesses. *Scott v. State*, (1980) Ind.App., 404 N.E.2d 1190.

The evidence most favorable to the state is that the town marshal saw Booth leave a tavern parking lot at a high rate of speed and enter onto the highway without stopping. Booth forced the marshal completely off the road. Booth continued on,

1. *Ind.Code* 33–4–5–1 et seq.

wandering back and forth across the center line in excess of the speed limit. Booth was traveling west in the eastbound lane when his automobile struck the vehicle operated by Mrs. Betty Burden, who died as a result of the collision. There was also evidence that Booth had been drinking in a hotel bar in Indianapolis that afternoon and that he was later drinking at the "350 Club" in Moores Hill. Booth was rescued from his automobile by the marshal who noticed the smell of alcohol on him. A member of the emergency rescue service testified that he noticed a heavy odor of alcohol, that Booth's speech was slurred, and that he sometimes failed to answer questions. Another emergency service member testified that he also noticed the odor of alcoholic beverages. A state trooper talked with Booth at the hospital and testified he also noticed the smell of alcohol, that Booth's speech was slurred and that Booth's eyes were red and watery. The above facts constitute sufficient evidence to sustain convictions that Booth's conduct was reckless and that he was operating a motor vehicle while intoxicated.

The verdict is hereby affirmed.

NEAL, P. J., and RATLIFF, J., concur.