Henry WHITE, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 980 S 372.

Supreme Court of Indiana.

Feb. 23, 1982.

Charles H. Graddick, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of two (2) counts of child molesting, Ind.Code § 35–42–4–3(c) (Burns 1979) and was sentenced to concurrent terms of thirty-five (35) years imprisonment. This direct appeal seeks review upon the following issues:

(1) Whether the trial court erred in deferring the sentencing of the defendant to a date beyond the thirty (30) day period provided for by Ind.R.Crim.P. 11?

(2) Whether the trial court erred in denying Defendant's motion for a mistrial grounded upon the taking of blood and saliva samples from Defendant without the presence of his counsel?

(3) Whether the trial court erred in denying Defendant's motion for a mistrial based upon alleged prejudicial conduct by the prosecutor?

(4) Whether the trial court erred in denying Defendant's motion for a change of judge?

The evidence when viewed in a light most favorable to the State discloses that the prosecutrix was accosted on a public street and compelled to proceed to an alley, where she was forced to have intercourse with her assailant.

\*　　\*　　\*　　\*　　\*　　\*

## ISSUE I

Defendant contends that the trial court erred when it failed to sentence the defendant within thirty (30) days after the finding of guilty. Defendant finds support in Ind. R.Crim.P. 11, which states:

> "the trial court shall sentence a defendant convicted in a criminal case on a plea of not guilty within thirty (30) days of the finding or verdict of guilty."

On April 4, 1980, the verdict was rendered and sentencing set for April 24, 1980. On April 22, however, the trial court notified the parties that sentencing would be continued beyond the thirty (30) day period to May 9, 1980. Defendant registered no objection and on May 9th requested and was granted a further continuance to May 16th. Thereafter, Defendant did not bring any error to the trial court's attention until his Motion to Correct Errors. Had Defendant objected upon learning of the continuance and had such objection been overruled, we would consider the claim of error; however, upon this record we deem the error unavailable for review. *Stout v. State*, (1974) 262 Ind. 538, 319 N.E.2d 123, *Arnold v. State*, (1973) 157 Ind. App. 359, 300 N.E.2d 135.

## ISSUE II

Defendant argues that the trial court erred in denying his motion for a mistrial predicated on the grounds that his Sixth Amendment rights were violated when blood and saliva samples were taken from him without the presence of his counsel.

Testimony at trial revealed that pursuant to a search warrant, blood and saliva samples were taken from Defendant and submitted for analysis. These samples, which were admitted into evidence, were tested and the results disclosed that certain antigens present in Defendant's blood group type were consistent with specimens taken from the victim's vagina and panties immediately after the rape.

The motion for a mistrial was overruled, but the court admonished the jury to disregard the testimony upon the mistaken belief that it bore the taint of the denial of Defendant's right to counsel. The taking of the specimens from Defendant was not a critical stage of the proceedings entitling him to invoke the exclusionary rule. *Schmerber v. California*, (1966) 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908.

Moreover, an objection to alleged improper testimony must be made at that critical point in the trial when the evidence is offered or when the question is asked. *Carman v. State*, (1979) Ind., 396 N.E.2d 344; *Pavone v. State*, (1980) Ind., 402 N.E.2d 976.

## ISSUE III

Immediately prior to the commencement of voir dire examination of prospective jurors, the trial judge asked if there was any objection to excusing the court reporter. The prosecutor responded, "In view of the past record, I do have an objection." The comment was made with reference to two prior trials of the defendant having ended in mistrials. Defendant moved for a mistrial upon grounds that the prosecutor's remarks were improper and prejudicial and assigns as error the denial of such motion.

 Defendant argues only that the declaration of a mistrial is an appropriate remedy for prosecutorial misconduct. However he has not demonstrated how the remark, which we regard as having been meaningless to the jury, was harmful to him. *Dewey v. State*, (1976) 264 Ind. 403, 345 N.E.2d 842. Neither has there been any showing or claim that any of the veniremen who may have heard the remark were members of the jury.

## ISSUE IV

Defendant next contends that the trial court erred in denying his motion for a change of judge.

On October 30, 1978, Defendant entered a plea of not guilty. Following a hearing by the trial judge on a charge of jury tampering by the defendant, the defendant's first trial ended in a mistrial. The defendant then moved for a change of judge, alleging the existence of new evidence of bias and prejudice by the trial judge, although not specifically disclosing what this bias was or how it had been discovered, as required by Ind.R.Crim.P. 12. Following a hearing, the trial judge denied the motion.

Ind.R.Crim.P. 12 provides that the defendant may move for a change of judge whenever bias or prejudice is discovered. Defendant contends that the trial judge was biased by his awareness of the jury tampering charge against the defendant and by his having conducted a hearing upon the matter. We do not agree. The defendant must show a clear abuse of discretion by the trial court in order for the ruling on the motion to be set aside. *Cade v. State*, (1976) 264 Ind. 569, 577, 348 N.E.2d 394, 398, *McChristian v. State*, (1979) Ind., 396 N.E.2d 356. We credit judges with the ability to remain objective notwithstanding their having been exposed to information that might tend to prejudice lay people. Nothing has been presented that suggests that the trial judge was biased or prejudiced against the defendant by reason of his knowledge of facts surrounding the previous mistrial. The defendant has, therefore, failed to show any abuse of discretion.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.