**Lynn D. MURPHY, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 4–1182A339.

Court of Appeals of Indiana,
Fourth District.

April 20, 1983.

David Roberts, Rushville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Lynn D. Murphy (Murphy) entered a guilty plea to possession of marijuana and driving while intoxicated. He appeals, arguing he was not sentenced within thirty days of judgment.

We affirm.

ISSUES

This appeal presents the following issue: Whether Murphy waived enforcement of the thirty day sentencing rule by failing to object after the sentencing date was set by the trial court.

FACTS

The trial court accepted Murphy's guilty plea on March 15, 1982, and set March 24 as the sentencing date. During the March 24 sentencing hearing, several errors were discovered in the pre-sentence investigation report. The court took sentencing under advisement and ordered the probation office to correct it. The corrected report was submitted April 8, and the court reset sentencing for April 30. Murphy later requested and was granted a change of the hearing date to April 29. On that date, Murphy moved for discharge, arguing he had not been sentenced within thirty days of judgment. The court denied the motion and sentenced Murphy to two years imprisonment.

DISCUSSION AND DECISION

█ We note initially Murphy's brief does not include a verbatim statement of the judgment, as required by Ind. Rules of Procedure, Appellate Rule 8.3(A)(4). Although we must dismiss appeals or find issues are waived where flagrant violation of the appellate rules appear, we prefer to decide appeals on their merits. See, *Carter v. State,* (1980) Ind.App., 408 N.E.2d 790, 792, n. 4; *Bridgewater v. State,* (1979) Ind. App., 393 N.E.2d 223, 223, n. 1. We will do so in this case because the State in its brief cured the error by including a verbatim statement of the judgment.

█ Murphy contends the trial court lost jurisdiction to sentence him when he was not sentenced within thirty days of judgment. He relies on the provisions of Ind. Code (1982) 35–4.1–4–2 and Ind. Rules of Procedure, Criminal Rule 11. Both require the trial court to pronounce sentence within thirty days of judgment unless a justifiable reason exists for delay.[1] Murphy argues these provisions automatically divest the trial court of jurisdiction where sentencing is beyond thirty days even if the defendant does not object when sentencing is scheduled. We disagree.

Murphy cites *Arnold v. State,* (1973) 157 Ind.App. 359, 300 N.E.2d 135, and *Stout v. State,* (1974) 262 Ind. 538, 319 N.E.2d 123, in support of his position. However, those cases reach an opposite conclusion.

In Arnold, judgment was entered September 11, 1972, and sentencing was set for October 12, thirty-one days later. Arnold did not object until the October 12 hearing. This court refused to grant relief, saying:

[T]he defendant may not seek a windfall by forebearing objection during the thirty day period, and on the thirty-first day demand discharge on account of the delay. Had the error been called to the attention of the trial court during the thirty day period and had no remedial action been taken, we would have an altogether different case. Under the particular facts here presented, Arnold waived the error.

157 Ind.App. at 261, 300 N.E.2d at 137.

█ The Indiana Supreme Court reviewed a similar contention in *Stout.* In that case Stout and his attorney were in court on two occasions when sentencing was continued and did not object. In holding the error was waived, the court discussed *Arnold.* It explained while the defendant does not have the burden of procuring sentencing, when the sentencing date is set and the defendant does not object, he cannot later claim the error on appeal. *Stout,* 262

---

1. C.R. 11 refers to a conviction following a not guilty plea, and on its face does not include an exception to the thirty day limit for good cause, as does IC 35–4.1–4–2. However, because the same principles are involved, this court has considered the two provisions as coterminous, cf., *McCormick v. State,* (1978) 178 Ind.App. 206, 382 N.E.2d 172, 176.

Ind. at 542, 319 N.E.2d at 125. The same analysis has been applied to similar contentions in subsequent cases, cf., *White v. State,* (1982) Ind., 431 N.E.2d 488, 489; *McCormick v. State,* (1978) 178 Ind.App. 206, 382 N.E.2d 172, 176.

The record reveals the trial court set sentencing for April 30, 1982, after receiving the corrected pre-sentence report April 8. Counsel requested and was granted a change of sentencing to April 29, but made no objection until the April 29 hearing. Since a date had been set to which Murphy could have objected and he did not, the error was waived.

Judgment affirmed.

YOUNG P.J., and MILLER, J., concur.