**Adolph Alex ALEXANDER, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1182S457.**

Supreme Court of Indiana.

June 17, 1983.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with Robbery While Armed and Attempted Murder. A jury found him guilty of robbery. He was acquitted of the attempted murder charge. He was sentenced to a twenty (20) year term of imprisonment.

The facts are these. At around 8:30 A.M. on the morning of January 23, 1982, two masked men entered a grocery store on Churchman Avenue in Indianapolis. Ernest Brummett, the owner, and his son Joseph were the only persons in the store at the time. One man wore a red ski mask that concealed his facial features completely. This man was armed with a handgun. The other man wore a white nylon stocking mask through which his facial features, though somewhat distorted, could be discerned. The man in the red mask met Ernest Brummett at the entryway of a back room in the store where Brummett kept some cash in a file cabinet. He forced Brummett to surrender the cash in the file cabinet and the cash he had in his wallet.

In the meantime the man in the white nylon mask was forcing Joseph, who was in the front of the store, to open the cash register and give him the money. This man forced Joseph to give him the cash he had on his person. He also took about ten cartons of cigarettes from a shelf in the front of the store. Joseph testified he saw the handle of a knife protruding from the man's back pocket. Ernest Brummett also testified that when the man in the red mask asked the other man for a knife, the latter gave him one which he used to cut a telephone wire. Then the pair left the store. However, a few seconds later the man in the red mask returned, and upon finding Ernest Brummett had disobeyed his instructions to remain lying on the floor, he fired a shot at him striking him in the leg.

Immediately after the robbery police arrived. Ernest Brummett told them he recognized the man in the white nylon mask as an occasional customer in his store but that he didn't know his name. On March 20, 1982, an Indianapolis police detective showed Joseph and Ernest Brummett a photographic array. Ernest Brummett selected appellant's photograph from the array as a photograph of the man in the white nylon mask. Later he picked appellant out in a lineup. Joseph participated in these identification procedures (conducted separate and apart from his father) but at neither time was he able to pick appellant's photograph or appellant as a participant in the robbery. At the trial Ernest Brummett positively identified appellant as the man in the white nylon mask. However, Joseph was not able to do so.

Appellant claims the trial court erred in denying his court-appointed attorney's Motion to Withdraw from the case. The motion was made on August 5, 1982, with trial commencing four days later. In the motion, appellant's counsel alleged there was an "effective barrier" to the attorney-client relationship and that the motion was not made for purposes of delay.

■ It is well established the indigent defendant does not have an absolute right to counsel of his own choosing. *Harris v.*

*State,* (1981) Ind., 427 N.E.2d 658; *Duncan v. State,* (1980) Ind., 412 N.E.2d 770. The failure to permit appointed counsel of an accused to withdraw is reviewable only for abuse of discretion. *Id.* Further, an untimely request made during or just before the start of the trial is properly denied on the grounds the defendant may not disrupt the sound administration of the criminal justice system by continually moving for change of counsel. *Id.* The bare allegation of a lack of communication between the accused and his attorney is not sufficient to show abuse of discretion in failure to deny such an untimely request and rather requires a showing of harm to the accused because of something the attorney did or did not do. *Vacendak v. State,* (1982) Ind., 431 N.E.2d 100.

■ Appellant makes no such showing in this case. We hold there was no abuse of discretion in denying appellant's Motion to Withdraw.

Appellant claims the trial court erred in permitting the State to ask certain questions of him when he took the witness stand in his own defense. These questions related to his employment history, and his answers indicated he had been unemployed for some time prior to the robbery. Appellant asserts these questions should not have been permitted as they revealed his poverty and thus impermissibly permitted the jury to draw inferences that he committed this crime against property on account of his poverty, citing *Reynolds v. State,* (1897) 147 Ind. 3, 46 N.E. 31.

■ We find appellant neither objected to any of these questions when they were asked at trial, nor did he raise any claim of error relating thereto in his Motion to Correct Error. The failure to object to the asking of these questions in either of these ways would alone constitute a waiver of the issue. *See, e.g., White v. State,* (1982) Ind., 431 N.E.2d 488 (objection to improper testimony must be made when the question is asked); *Guardiola v. State,* (1978) 268 Ind. 404, 375 N.E.2d 1105 (failure to present claim of error in Motion to Cor-

rect Error is waiver of the issue). Appellant claims the error is fundamental and thus no objection is required. *See Moore v. State*, (1982) Ind., 440 N.E.2d 1092. However, he cites no authority for the proposition admission of this kind of evidence is fundamental error. We do not find it fits our definition of fundamental error set out in *Moore, supra*, or in *Nelson v. State*, (1980) Ind., 409 N.E.2d 637. We hold the claim of error is waived.

Appellant claims the trial court erred in overruling his objections to testimony regarding Ernest Brummett's identification of him via the photographic identification procedure and the lineup mentioned earlier.

Testimony about a pretrial identification procedure is inadmissible if it is conducted in an impermissively suggestive manner. *Smith v. State*, (1982) Ind., 432 N.E.2d 1363; *Ingram v. State*, (1981) Ind., 421 N.E.2d 1103; *Hazzard v. State*, (1980) Ind., 413 N.E.2d 895. Determination of suggestivity is made by looking to the totality of the circumstances. *Ingram, supra; Hazzard, supra.*

Appellant's argument in this regard is waived. Upon reviewing the record we find he made no objection to Brummett's testimony about either procedure when the testimony about each was first offered. An objection was made regarding the lineup but it was not made until the police officer who conducted it testified. An objection to allegedly inadmissible evidence must be made when it is first offered. *White, supra; Jones v. State*, (1981) Ind., 425 N.E.2d 128.

Appellant's reasoning is that since Brummett had immediately, after the robbery, stated he knew one of the robbers as an occasional customer, and appellant's photograph was the only photograph in the array of anyone who had ever been in Brummett's store, the procedure was tainted. We are unpersuaded that, assuming these facts are true, this makes for the kind of suggestivity that would render the testimony inadmissible.

As to Brummett's in-court identification, the law is that even if a pretrial identification procedure was impermissively suggestive, in-court identification of the accused is still permitted if there is an independent basis for it. *Remsen v. State*, (1981) Ind., 428 N.E.2d 241; *Ingram, supra.* Appellant claims Brummett was too occupied by the man in the red mask to have been able to get a good look at the man in the white nylon mask. This assertion is refuted, however, by the testimony showing Brummett told the investigating officers when they arrived only a few minutes after the crime was committed that he recognized the man in the white nylon mask as an occasional customer. We have recognized the witness' prior acquaintance with the accused is an important factor in determining the adequacy of an independent basis for an in-court identification. *See Frasier v. State*, (1974) 262 Ind. 59, 312 N.E.2d 77. In this case the independent basis for the in-court identification is present.

Appellant claims the trial court erred in not *sua sponte* giving the jury a cautionary instruction as to factors to be considered in determining the reliability of eyewitness identification. The giving of such an instruction was held by the Seventh Circuit to be required "where identification is a key issue." *United States v. Hodges* (7th Cir. 1975), 515 F.2d 650, 653. *See also, United States v. Telfaire* (D.C.Cir.1972), 469 F.2d 552. Appellant also points out the Supreme Court of Kansas adopted a rule requiring the giving of a cautionary instruction in this regard in *State v. Warren*, (1981) 230 Kan. 385, 635 P.2d 1236.

We decline to adopt such a rule. We find it particularly inappropriate in this case. First, in all the cases cited by appellant, the reliability of eyewitness identification is a closer question than it is in this case. However, the Supreme Court of Kansas has specifically held the trial court is not obliged to give such an instruction absent the accused's request. *See State v. Tyus*, (1982) 232 Kan. 325, 654 P.2d 947. We hold there was no error committed in this regard.

Appellant claims the trial court erred in allowing the results of a polygraph test administered to him to be admitted into evidence. He claims the testimony of the examiner shows the test results were unreliable due to equipment malfunctions that occurred during the test.

■ First, appellant has waived any claim of error in this issue because he failed to raise a claim of error in this regard both at the time the evidence was offered and in his Motion to Correct Error. *White, supra; Guardiola, supra.*

■ Second, the record clearly shows appellant had, prior to taking the test, stipulated that the results thereof would be admissible at trial. We have frequently held the results of polygraph examinations are inadmissible absent a proper waiver or stipulation between the parties. *Dean v. State,* (1982) Ind., 433 N.E.2d 1172; *Kimmel v. State,* (1981) Ind., 418 N.E.2d 1152. After a valid waiver or stipulation, the trial court may in his discretion admit or deny admission of the test results. *White v. State,* (1978) 269 Ind. 479, 381 N.E.2d 481.

■ In the case at bar we see no abuse of discretion on the part of the trial court. The record clearly shows the polygraph operator testified he encountered some problems during the test. He further stated repeatedly that, with regard to questions asked of appellant during periods of equipment malfunction, he made no attempt to evaluate the truthfulness of appellant's responses. We hold no error was committed in allowing the polygraph test results into evidence.

Appellant claims the trial court erred in communicating in writing with the jury during deliberations and outside his presence. The record shows the jury sent two notes to the judge after deliberations had begun. The first note said, "Two of the jury request to see the defendant in a mask. And where [sic] the photo." The judge wrote at the bottom of the note, "You must make your decision on the evidence which was presented during the trial. P.J.G." The second note reads, "Some of us are in

doubt as to whether or not we can find for on one ct. and against on the other." The judge wrote at the bottom of this note, "You may render different verdicts on both counts. P.J.G."

■ First, we note appellant failed to offer any argument or authority in support of an assertion of error as to the answer the trial judge gave in response to the first question. Therefore the issue with respect to the first note is waived under Ind.R. App.P. 8.3(A)(7).

With regard to the second note, appellant first cites *Lewis v. State,* (1981) Ind., 424 N.E.2d 107. In that case, in which the so-called "Allen charge" was given to the jury, we discussed the problem of communications between the trial judge and jury that arise after deliberations have commenced. We did not distinguish between those cases where the communication occurs outside the defendant's presence and those occurring in his presence. We identified the proper procedure to be used whenever the jury indicates a need to communicate with the judge after deliberations have begun:

> "The proper procedure is for the court to call the jury back into open court in the presence of all the parties and their counsel, if they desire to be there, and to reread all instructions given to them prior to their deliberations, without emphasis on any of them and without further comment." *Id.* 424 N.E.2d at 111.

Moreover, I.C. § 34–1–21–6 [Burns 1973] provides:

> "After the jury have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys."

This statute has been held applicable to criminal proceedings. *Ortiz v. State,* (1976) 265 Ind. 549, 356 N.E.2d 1188.

The Indiana Constitution, Article 1 § 13, guarantees the defendant the right to be present at all stages of a criminal proceeding.

Appellant points out that when such communication occurred outside the defendant's presence there was a presumption of harm to the defendant that the State must rebut to avoid reversal. *See, Foster v. State,* (1977) 267 Ind. 79, 367 N.E.2d 1088; *Harris v. State,* (1968) 249 Ind. 681, 231 N.E.2d 800; *Decker v. State,* (1979) 179 Ind.App. 472, 386 N.E.2d 192.

■ The State argues to have refused to answer the jury's question and to have permitted them to operate under the erroneous impression that appellant must either be found guilty of all the charged offenses or acquitted of all of them surely would have been improper. Appellant is not entitled to an erroneous verdict. The trial court should not have answered the jury's questions without calling the defendant and his attorney into court, along with the prosecutor, and informing them of the information the jury wanted. We do not condone this conduct. However, we hold the State met its burden of showing the harmlessness of the communication between judge and jury outside the presence of the defendant.

Appellant claims the evidence is insufficient to support the conviction of armed robbery. The gist of his claim is that the identification testimony of Ernest Brummett is unreliable and that the only other evidence of his guilt "was the testimony of the polygraph examiner about a botched test."

■ We do not reweigh the evidence nor judge the credibility of witnesses. *Powers v. State,* (1982) Ind., 431 N.E.2d 799. Appellant's contentions in this regard are no more than an invitation for us to judge the credibility of Ernest Brummett as a witness. It is apparent his testimony alone, if believed, is sufficient evidence from which all the elements of armed robbery could have been found to be present beyond a reasonable doubt. We hold the evidence is sufficient to support the conviction.

The trial court is in all things affirmed.

All Justices concur.