# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ANTHONY S. CHURCHWARD**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ODONIS D. PARKER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1108-CR-381 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D04-1001-FD-83 & 02D05-1102-FB-26

**March 15, 2012**

**OPINION – FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Odonis D. Parker (Parker), appeals his sentence for robbery, a Class B felony, Ind. Code § 35-42-5-1[1].

We affirm.

## ISSUES

Parker raises two issues on appeal, which we restate as:

(1) Whether Parker's right to a speedy trial, pursuant to Indiana Criminal Rule 4(B), was violated even though he was released from incarceration upon expiration of the seventy-day period; and

(2) Whether the trial court violated Parker's right to present a defense.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the verdict are as follows. In January of 2011, Pervis Hall (Hall) and Trevon Thomas (Thomas) attempted to sell Thomas' X-box gaming system by advertising it for sale on Hall's Facebook page. Parker expressed his interest in buying the X-box and the parties reached an agreement on a purchase price of $300. On January 25, 2001, Parker came over to Hall's house to pick up the gaming system. Hall and Trevon had placed the X-box on the porch and went to meet Parker when he drove up in a white Chevrolet Impala. Although there were other people in the car, only Parker exited the vehicle. Parker inspected the system and asked Hall and Thomas to help him carry the X-box to the car. While walking over to the car, Parker pulled out a

---

[1] Although this is a consolidated appeal that also involved a probation revocation issue under a different cause number, Parker does not raise any issue with respect to his probation case.

2

handgun, pointed it at Thomas, and told both Thomas and Hall "it's mine now, keep it movin'." (Transcript p. 140). After placing the X-box in the trunk of the vehicle, Thomas and Hall backed away and Parker drove away without paying the purchase price.

On February 7, 2011, the State filed an Information charging Parker with robbery, a Class B felony. On February 10, 2011, Parker requested a speedy trial. The trial was initially set for April 7, 2011. However, on April 4, 2011, the State moved for a continuance because it had not yet been able to obtain the telephone records for Hall and Parker that it had been seeking. Over Parker's objection, the trial court granted the continuance and rescheduled the trial for April 21, 2011, which was the seventieth calendar day following Parker's speedy trial request.

On April 21, 2011, the State again moved for a continuance because even though it had obtained the telephone records, they were not in a form that would be admissible at trial. The trial court granted the motion over Parker's objection, reset the trial for June 1, 2011, but released Parker on his own cognizance. On June 1, 2011, the trial court continued the cause due to congestion on the trial court's calendar and rescheduled the trial for July 6, 2011.

On July 6, 2011, a jury trial was held. Prior to trial, Parker alerted the trial court and the State that he would request a lesser-included instruction on theft and announced his theory of defense. Specifically, Parker stated that the transaction involved marijuana, not an X-box system, and that he had failed to return with payment after being fronted the marijuana. Parker later made an offer of proof with respect to this theory of defense. The State objected, noting that the parties had known since March that Hall would be

3

testifying by deposition, that the accusation of marijuana had never been raised before, and that Hall could not respond to this new allegation. The trial court granted the State's objection, finding that the degree of prejudice to the State substantially outweighed the probative value. The trial court ruled that Parker could testify to his version of events without mentioning that the subject of the transaction was marijuana. At the close of the evidence the jury found Parker guilty as charged.

Parker now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. <em>Indiana Criminal Rule 4(B)</em>

Parker contends that his right to a speedy trial pursuant to Indiana Criminal Rule 4(B) was violated when the trial court failed to conduct his trial prior to the end of the seventy-day period. Initially, we note that even though Parker objected every time his trial date was continued, this was not sufficient to preserve this issue for our review. We have previously held that a defendant waives review of a speedy trial request on appeal "if he does not make a motion for discharge or motion for dismissal prior to trial." *Hampton v. State*, 754 N.E.2d 1037, 1039 (Ind. 2001). There is no indication in the record that Parker moved for discharge or dismissal prior to trial. Therefore, his claim is waived.

Waiver notwithstanding, we will address Parker's claim on its merits. Indiana Criminal Rule 4(B) provides, in relevant part as follows:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a

4

continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar.

Here, Parker requested a speedy trial on February 10, 2011. Therefore, the seventieth day from the date of that motion was April 21, 2001. Although a trial was scheduled for April 21, 2001, at the request of the State, the trial court continued the trial date. Nevertheless, on that same day, Parker was released in the instant cause on his own recognizance.

The purpose served by Crim. R. 4(B) is to prevent a defendant from being detained in jail for more than seventy days after requesting an early trial. *Williams v. State*, 631 N.E.2d 485, 486 (Ind. 1994). Once released from custody, a defendant receives no further benefit from Crim. R. 4(B). *Id*. at 487. Instead, a non-incarcerated defendant's right to a speedy trial is implemented by the one-year limitation period contained in Crim. R. 4(C). *Id*. Thus, as Parker was released from pre-trial incarceration on the seventieth day of his speedy trial request in the instant cause, his Crim. R. 4(B) right was not violated.[2]

## II. *Right to Present a Defense*

Next, Parker contends that the trial court impermissibly restricted his right to present a defense by denying him the opportunity to testify that he was trying to buy marijuana rather than an X-box gaming system. The State objected to this proffered

---

[2] It should be noted that Parker continued to be incarcerated subsequent to April 21, 2011 on a pending probation revocation charge. However, Parker fails to make any arguments that his incarceration in a different cause has any impact on his speedy trial right in the instant cause.

5

testimony on Evidence Rule 403 grounds as it created the highly prejudicial impression that Hall and Thomas were drug dealers and Hall was unavailable to respond to the allegation. The trial court agreed with the State, ruling that "while [the proffered testimony] was relevant it's substantially outweighed by the prejudicial impact to the State." (Tr. p. 178). The trial court added that Parker could refer to it as "a transaction" and prohibited any "mention of marijuana." (Tr. p. 178).

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Payne v. State*, 854 N.E.2d 7, 17 (Ind. Ct. App. 2006). An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* Although the right to present a defense, which includes the right to present the defendant's version of the facts, is of the utmost importance, it is not absolute. *Marley v. State*, 747 N.E.2d 1123, 1132 (Ind. 2001); *Roach v. State*, 695 N.E.2d 934, 939 (Ind. 1998). "The accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id*. One of the Rules of Evidence a defendant must abide by is Evid. R. 403, which provides that otherwise relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

Although Parker had notified the State in advance that he would seek a jury instruction on theft, as a lesser included of robbery, Parker did not divulge his theory of defense until the day of trial. Both parties knew that Hall would not be available for trial,

6

and Parker had agreed "with the State [] that this witness was not going to be present and that his deposition could be used in lieu of live testimony." (Tr. p. 176). Allowing Parker to testify at trial that instead of buying an X-Box, he met Hall to purchase marijuana, would raise an accusation that Hall is a drug dealer. Being unavailable, Hall would not be able to respond to this allegation and the jury would not be able to observe Hall denying the allegation. We agree with the State that "[i]n a case that largely amounted to a credibility contest between the victims and [Parker], it was extremely prejudicial to make this drug dealing accusation at a time and in a manner where [Hall] would have no chance to refute it." (Appellee's Br. p. 14).

Furthermore, although the trial court prohibited Parker from testifying that the item was marijuana, the trial court's ruling did not prevent the jury from making an inference adverse to the victims. Parker testified that he did not tell the police officers about the transaction because he "didn't feel comfortable talking about it." (Tr. p. 212). Also, in closing argument, Parker's counsel referred to the transaction as "less th[a]n legitimate." (Tr. p. 134).

In sum, we cannot conclude that Parker's defense was impaired because he could not specifically name the marijuana as the item he claimed to attempt to purchase from Hall. Therefore, we find that the trial court did not abuse its discretion by excluding specific references to marijuana and Parker's right to present a defense was not violated.

CONCLUSION

7

Based on the foregoing, we conclude that Parker's right to a speedy trial was not violated and the trial court did not impair Parker's right to present evidence when it excluded certain evidence.

Affirmed.

BARNES, J. and BRADFORD, J. concur