**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DANIELLE L. GREGORY**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BILLY ADAMS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1205-CR-422 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark D. Stoner, Judge
Cause No. 49G06-0904-FC-38406

**December 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

In this belated appeal, Billy Adams challenges his convictions for Class C felony criminal confinement and Class D felony domestic battery on grounds that his right to a speedy trial pursuant to Indiana Criminal Rule 4(B) was violated. Finding the issue waived for review, we affirm.

The State charged Adams with multiple offenses arising from an incident involving his girlfriend Heather Lemen and her three children. At an initial hearing, Adams requested a speedy trial, which set the seventy-day deadline for trial at June 22, 2009. His jury trial was scheduled for June 17, 2009.

On June 11, 2009, the State filed a motion requesting a thirty-day continuance. In the motion, the State asserted that Lemen and two of her children were primary witnesses in the case, that Lemen's father was found murdered in Lemen's home the day before, and that the family needed time to grieve. At a hearing on June 16, 2009, the trial court granted the continuance over Adams's objection and released him on his own recognizance with restrictions.

After a bifurcated trial in November and December 2009, Adams was convicted, adjudicated a habitual offender, and sentenced to an aggregate term of fifteen years with nine years suspended.

Adams now contends that his right to a speedy trial was violated because he was not brought to trial within the seventy-day period. However, a defendant waives review of this issue on appeal if he does not make a timely motion for discharge or dismissal before trial. *Lloyd v. State*, 448 N.E.2d 1062, 1066 (Ind. 1983). Adams failed to move for discharge or dismissal before trial. His claim is therefore waived. *See Parker v.*

2

*State*, 965 N.E.2d 50, 52 (Ind. Ct. App. 2012) (waiving speedy trial issue where record did not show that defendant moved for discharge or dismissal before trial), *trans. denied*.

Affirmed.

FRIEDLANDER, J., and CRONE, J., concur.