**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 31 2014, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**NICOLE A. ZELIN**
Pritzke & Davis
Greenfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEVIN J. MAMON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  30A05-1309-CR-440 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HANCOCK CIRCUIT COURT
The Honorable Richard D. Culver, Judge
Cause No. 30C01-1211-FD-1791

**March 31, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Kevin Mamon was charged with and subsequently convicted of committing Battery by Body Waste,[1] a class D felony, after he threw urine on a guard at the Hancock County Jail. Although Mamon attempted to present evidence at trial that he was intoxicated and insane when he performed these acts, the trial court properly excluded the admission of such evidence.

We further conclude that Mamon's three-year sentence was appropriate and that good cause existed that permitted a somewhat lengthy delay in sentencing him. Moreover, Mamon's trial was allowed to proceed in the state trial court even though he had filed a petition to remove the case to federal court. For all of these reasons, we affirm the judgment of the trial court.

FACTS

Mamon was an inmate at the Hancock County Jail. On August 7, 2012, Mamon submitted the following comment into the jail's grievance report system after being denied a position as an inmate employee:

> I CANNOT FOLLOW THE BASIC RULES OF THE JAIL? I[']M NOT INSTITUTIONALIZED. SORRY. I[']M NOT YOUR MODEL INMATE. WHAT DOES THAT HAVE TO DO WITH OCCUPYING MY TIME SO I STAY OUT OF TROUBLE. NOTHING. SCREW YOU AND INMATE WORKERS[.] I[']LL CONTINUE TO DO WHAT THE FU*K I WANT THEN. AND THERE[']S NOT MUCH YOU CAN DO WHEN YOU GET SH*T AND PI*S THROWN ON YOU. KEEP FU**ING AROUND.

Tr. p. 132-34. On September 12, 2012, Mamon again threatened to throw urine when he refused to be moved to a segregated unit.

---

[1] Ind. Code § 35-42-2-6(c).

Sometime during the evening of November 20, 2012, an inmate worker reported that Mamon spit on him. Based on this report, Mamon was moved into an administrative segregation padded cell with a solid door. Although the cell had an attached bathroom, Mamon was not able to access that bathroom because of a locked door. Most inmates who are placed in a padded cell are typically not provided with access to the bathroom. Instead, the cell is equipped with a special floor toilet which is flushed from outside the cell.

During the night, the guards offered Mamon water on an hourly basis, but Mamon generally refused the drinks. Mamon spent most of the night yelling at the officers. Mamon also threw feces on the walls and covered one of the security cameras with feces. According to the sergeant in charge of the night shift, Mamon was offered the opportunity to leave the cell and to clean the feces, but he refused to leave.

Around 5:00 a.m. on November 21, 2012, jail officer Ryan Garrity opened the cell door to offer Mamon some water. Mamon grabbed a cup filled with yellow liquid and threw it at Officer Garrity. The liquid hit Officer Garrity on the side of the face, and some of it went into his mouth and an eye. Based on the color, the officer knew that the liquid was urine. Mamon stated, "I got you[,] that was my piss" or "how did my piss taste?" Tr. p. 162, 203. A review of the security footage appears to show Mamon hiding the cup and possibly filling the cup with urine earlier in the morning, but the image is largely obstructed by Mamon's feces.

3

Later that same day, the State filed criminal charges against Mamon for the offense of battery by bodily waste, a class D felony. On January 9, 2013, Mamon filed a petition for removal of the case from the Hancock Circuit Court to the United States District Court. However, the trial court subsequently issued an order stating that the proceedings would continue as scheduled until the federal court determined whether removal would be permitted.

Approximately one week before trial, Mamon filed a pro se "Notice of Intent to Introduce Evidence at Trial of Defendant's Temporary Insanity Via Involuntary Intoxication, Duress and Provocation Defense." Appellant's App. p. 3, 25. The State then filed a motion in limine regarding intoxication and insanity on February 26, 2013, seeking to exclude the admission of that evidence.

Mamon proceeded pro se at a jury trial that commenced on February 26, 2013. At the outset, the trial court denied Mamon's request to present an insanity defense because it was untimely. As for the defense of intoxication, Mamon argued that he should be permitted to raise the defense because he "didn't know what [his] medicine was going to [do and] didn't know that dosage . . . was so at an extreme level that it would cause me to be intoxicated." Tr. p. 103. Mamon further claimed that he was "going by the doctor['s] orders and basically . . . was told . . . if I didn't take this medication . . . I would be locked down." Id. The trial court granted the State's motion in limine regarding intoxication evidence and prevented Mamon from presenting this evidence at trial.

4

Mamon testified that he felt mistreated by officers and threw water at them in response to the mistreatment. Mamon alleged that he had a nervous breakdown and that he had been denied Prozac and Depakote medications to treat his bipolar disorder. The jury found him guilty of the charged offense.

On February 27, 2013, the day after trial, Mamon refused to attend a hearing regarding sentencing. Thereafter, on March 26, 2013, the trial court ordered that a review hearing be set for June 13, 2013, as to sentencing that was based on Mamon's then-fugitive status and his pending request for removal of the case to federal court.

On May 8, 2013, the United States District Court for the Southern District of Indiana denied removal of the case and remanded the case to the Hancock Circuit Court. A sentencing hearing was held on June 3, 2013, where Mamon appeared and requested additional time for preparation of a new presentence investigation and to communicate with his counsel.

Sentencing was rescheduled for July 18, 2013, but the hearing was subsequently moved to August 22, 2013, based on Mamon's unavailability. On August 22, 2013, the trial court sentenced Mamon to three years of incarceration in the Indiana Department of Correction (DOC). The trial court found that this sentence was supported by Mamon's lengthy criminal history, failed efforts at rehabilitation, and "history of confrontation" including arguments and fights with cellmates and jail officers. Tr. p. 369. The trial court ordered this sentence to run consecutively to a prior sentence that had been imposed for resisting law enforcement, as well as an enhanced sentence following the

5

determination that he was a habitual offender. During that hearing, Mamon objected that any sentence imposed was improper based on the delay prior to sentencing. Mamon now appeals.

## DISCUSSION AND DECISION

### I. Exclusion of Evidence of Intoxication

Mamon argues that the trial court erred by not allowing him to present evidence regarding the defense of intoxication. As a result, Mamon argues that he was denied his constitutional right to present an adequate defense to the charges.

In resolving this issue, we initially observe that although a defendant's right to present a defense is important, it is not absolute. Marley v. State, 747 N.E.2d 1123, 1132 (Ind. 2011). Both the accused and the State must comply with established rules of procedure and evidence that is designed to assure both fairness and reliability in the ascertainment of guilt and innocence. Id.

We also note that the decision to admit or exclude evidence lies within the trial court's sound discretion and is afforded great deference on appeal. Parker v State, 965 N.E.2d 50, 53 (Ind. Ct. App. 2012), trans. denied. We will not reverse that decision absent a manifest abuse of discretion that results in the denial of a fair trial. Id.

In this case, it is apparent that Mamon has waived any claim that the trial court erred by excluding evidence of involuntary intoxication because Mamon did not attempt to present this evidence at trial. "Rulings on motions in limine are not final decisions and, therefore, do not preserve errors for appeal." Swaynie v. State, 762 N.E.2d 112,

6

113 (Ind. 2002). Where a trial court has granted an earlier motion in limine, the proponent of the evidence must, outside the hearing of the jury, make an offer of proof at trial describing that evidence. Otherwise, the party forfeits appellate review. Baker v. State, 750 N.E.2d 781, 786 (Ind. 2001). Moreover, Mamon did not attempt to offer any instructions on involuntary intoxication.

Indiana Code section 35-41-3-5 provides that

It is a defense that the person who engaged in the prohibited conduct did so while he was intoxicated, only if the intoxication resulted from the introduction of a substance into his body:

(1) Without his consent;
(2) When he did not know that the substance might cause intoxication.

In this case, the record shows that involuntary intoxication was only discussed before the jury was sworn. Tr. p. 103-09, 114-15. At trial, following the grant of the motion in limine, Mamon took the opposite tact and claimed that his actions were based on the lack of medication, rather than his pre-trial claim that he was intoxicated by too many drugs. Id. at 250. According to Mamon, he was prescribed Prozac and Depakote to treat his bipolar disorder but was not given his medication prior to his criminal act. Because Mamon did not preserve any claim regarding involuntary intoxication at trial—but instead raised a contradictory defense—this issue is waived.

Waiver notwithstanding, the trial court properly excluded Mamon's evidence of intoxication. Intoxication is only a defense if it is involuntary and, "as a result of the intoxication, the defendant was unable to appreciate the wrongfulness of the conduct at

7

the time of the offense." Ellis v. State, 736 N.E.2d 731, 734 (Ind. 2000). A defendant's intoxication is involuntary if it "resulted from the introduction of a substance into his body" either "(1) without his consent" or "(2) when he did not know that the substance might cause intoxication." Ind. Code § 35-41-3-5. Intoxication is only a defense within these two narrow exceptions. Alfrey v. State, 960 N.E.2d 229, 233 (Ind. Ct. App. 2012), trans. denied.

We note that Mamon's offer of proof established neither forced introduction of an intoxicant nor ignorance that the substance was an intoxicant. Instead, Mamon admits that he was taking the medication willingly because he "was going by the [doctor's] orders and basically . . . was told . . . . If I didn't take this medication . . . I would be locked down." Tr. p. 103. Furthermore, Mamon's medical records indicate that he requested the Prozac, requested an increased dosage of the drug, and later complained when the Prozac prescription ended. Hence, the evidence demonstrates that Mamon was willingly taking the medication.

Mamon also put on no evidence demonstrating that the medicine was intoxicating. During the pre-trial proceedings, Mamon argued that he should be entitled to an involuntary intoxication defense because he "didn't know what the medicine was going to [do and] didn't know that dosage . . . was so at an extreme level that it would cause me to be intoxicated." Id. Mamon simply observed that "[s]ince this medication has been stopped I haven't had no incidents." Tr. p. 109. In describing the effects of the

8

medication, Mamon did not claim his acts were involuntary, but that the medications "caused [him] to not be in the right frame of mind." Id.

Contrary to Mamon's assertions, the medical records show the drugs were prescribed to decrease Mamon's violent tendencies—not cause them. Appellant's App. p. 41 43, 45. The day before the urine throwing incident, Mamon's Prozac prescription was increased because of "aggressive behavior toward other inmates" and Mamon's claim that he "will continue to fight." Id. at 43, 45. With regard to the Depakote drug, Mamon's psychiatrist recommended increasing the dosage based on the present incident. Mamon's contrary, self-serving claims do not prove intoxication.

Finally, Mamon's own pre-trial statements established that he knew the effects of his medication before the present incident. Mamon claimed that he was medicated and intoxicated "throughout this . . . whole period" of incarceration. Tr. p. 109. Because Mamon was in jail for several months before the present incident, he had ample opportunity to discover any intoxicating effect of the drugs. Id. at 134, 146-47, 153-54, 159. As a result, Mamon failed to present evidence of involuntary intoxication and, therefore, the trial court properly excluded Mamon's evidence of intoxication.

## II. Insanity Defense

Mamon next argues that the trial court erred in refusing to permit him to present evidence about his alleged temporary insanity as a defense. Mamon claimed that the trial court erred in granting the State's motion precluding him from raising this defense

because he had not done so within twenty days prior to the omnibus date, as Indiana Code section 35-36-2-1 generally requires.

In resolving this issue, Indiana Code section 35-36-2-1 requires a defendant who intends to interpose an insanity defense for a felony to file a notice of that intent no later than twenty days before the omnibus date. If the notice is not timely filed, a court may still permit the defendant to file the notice any time before the commencement of trial if the defendant makes a showing of good cause. Id.

In this case, the record demonstrates that Mamon filed his notice of intent to raise a defense of insanity on February 19, 2013, which was two months after the December 19, 2012, omnibus date and seven days before trial. Mamon's notice of intent did not allege "good cause" for his delay. Appellant's App. p. 25. Mamon also presented no claims of good cause during the hearing on the notice. Id. at 95-99. Based on Mamon's untimely notice and lack of "good cause" evidence, the trial court properly exercised its discretion in denying Mamon's request to present an insanity defense. See Eveler v. State, 524 N.E.2d 9, 11 (1988) (holding that there was no abuse of discretion in denying the defendant's belated motion to file an insanity defense where the defendant failed to file his notice within the time set forth in Indiana Code section 35-36-2-1 and where he made no showing of good cause as required by statute).

It also does not appear that Mamon acted properly when requesting a statutory insanity defense. As Mamon explained to the trial court, he desired to present testimony from his own medical providers at the jail to show temporary insanity. Tr. p. 96-97.

10

However, Indiana Code section 35-36-2-2 requires the trial court to appoint independent psychiatrists to evaluate the defendant. More specifically, it is said that "When notice of an insanity defense is filed, the court shall appoint two (2) or three (3) competent disinterested psychiatrists, psychologists . . . or physicians . . . to examine the defendant and to testify at trial." As was noted in denying the defense, no experts had been appointed for that purpose in the present case. Tr. p. 95. A defendant may not present testimony of his own experts, unless he also communicates and cooperates with the court-ordered examinations. I.C. § 35-36-2-2(c). Mamon's untimely request to raise an insanity defense—filed seven days before trial—did not provide sufficient time for these required evaluations. Granted, it does not appear that Mamon intended to delay the trial setting, as two days later he filed a "Motion for Fast and Speedy Trial." Appellant's App. p. 30. Regardless, we conclude that the trial court properly denied Mamon's request to proceed with an insanity defense because Mamon did not comply with the notice requirements. Thus, Mamon's claim fails.

### III. Inappropriate Sentence

Mamon next argues that the trial court erred in sentencing him to three years of incarceration. Specifically, Mamon claims that the sentence is inappropriate when considering the nature of the offense and his character pursuant to Indiana Appellate Rule 7(B).

When reviewing a sentence imposed by the trial court, we may revise a sentence if it is inappropriate in light of the nature of the offense and character of the offender. Ind.

Appellate Rule 7(B). Payton v. State, 818 N.E.2d 493, 498 (Ind. Ct. App. 2004). The defendant bears the burden to "persuade the appellate court that his sentence has met this inappropriate standard of review." Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of such review is to attempt to leaven the outliers. Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). In accordance with Indiana Code section 35-50-2-7, "a person who commits a class D felony shall be imprisoned for a fixed term of between six (6) months and three (3) years with the advisory sentence being one and one-half years." As noted above, the trial court sentenced Mamon to the maximum sentence allowed by statute.

As for the nature of the offense, the record shows that Mamon threw urine at Officer Garrity and caused the fluid to enter the officer's mouth and eye. Tr. p. 162, 191-92. Mamon's actions were deliberate and planned because he had filled the cup several hours before the incident, and had threatened the jail officers on at least two other occasions. Id. at 149, 200-02. Additionally, other officers had to clean up Mamon's urine and feces. In short, Mamon's nature of the offense argument avails him of nothing. Id. at 163, 228, 250.

Turning to Mamon's character, the record shows that he has a significant criminal history, including prior felony convictions for forgery, theft, receiving stolen parts, and two convictions for resisting law enforcement. Appellant's App. p. 129-30. Even though Mamon was only twenty-seven years old when he was sentenced, he had already been

12

adjudicated a habitual offender. The record also shows that Mamon has accumulated a history of confrontations with cellmates and officers. Id. at 369.

In light of these circumstances, we conclude that the trial court did not err in sentencing Mamon to three years for this offense and ordering it to run consecutively to a prior sentence and the habitual offender enhancement that had been previously imposed. Thus, Mamon failed to show that the sentence is inappropriate. See Chambers v. State, 989 N.E.2d 1257, 1259 (Ind. 2013) (holding that two consecutive maximum sentences were not inappropriate in light of appellant's criminal history).

### IV. Timeliness of Sentence

Mamon claims that his sentence must be set aside because the trial court unreasonably delayed in sentencing him. Mamon claims that good cause was not established for extending the sentencing date.

In resolving this issue, we note that both Indiana Code section 35-38-1-2(b) and Indiana Criminal Rule 11 provide that after a conviction is entered, the trial court shall sentence the defendant within thirty days, unless an extension is supported by good cause. In other words, strict compliance with the thirty-day requirement is excused when good cause is shown for the delay. Vandergriff v. State, 653 N.E.2d 1053, 1053 (Ind. Ct. App. 1995). Good cause may be presumed where the record is silent as to the reason for the delay and the defendant has made no objection. Minnick v State, 965 N.E.2d 124, 129 (Ind. Ct. App. 2012), trans. denied.

13

We also note that a trial court is not automatically divested of jurisdiction where sentencing is beyond thirty days.  Murphy v. State, 447 N.E.2d 1148, 1149 (Ind. Ct. App. 1983).  A defendant waives the right to be sentenced within thirty days when he or she is responsible for the delay.  Moore v. State, 290 N.E.2d 472, 480 (Ind. Ct. App. 1983).

In this case, the evidence shows that Mamon could not have been sentenced within thirty days of the jury's verdict because his motion to remove the cause to federal court was still pending.  Appellant's App. p. 16, 206-09; 28 U.S.C. § 1455(b)(2).  In accordance with federal law, the state court lacked authority to enter judgment of conviction while Mamon's removal action was still pending.  In particular, 28 U.S.C. § 1455 (b)(2) provides that

> The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered less the prosecution is first remanded.

In light of the above, the trial court lacked the authority to enter a conviction—much less a sentence within thirty days of a conviction—until the federal court issued its order of remand on May 8, 2013.

As the trial court noted at the June 3, 2013 hearing, sentencing had been delayed until the "Federal Court sent the file back . . . and said go ahead and proceed."  Tr. p. 344.  Moreover, Mamon was a fugitive during part of this time.

Following remand on May 8, 2013, the trial court set a sentencing hearing for June 3, 2013.  Appellant's App. p. 4.  At that hearing, Mamon requested an updated

14

presentence investigation and for additional time to consult with his counsel. Id. at 346. Based on Mamon's requests, sentencing was rescheduled without objection for July 18, 2013. The sentencing hearing was later continued to August 22, 2013. Id. at 375. Mamon's counsel explained this final delay was necessary because "nobody knew where [Defendant] was at." Id.

Here, the record shows that the delay in sentencing was attributable to Mamon. Thus, there was "good cause" for the delay, and the trial court properly overruled Mamon's objection that his sentencing was untimely.

## V. State's Retention of Jurisdiction

Mamon claims that his conviction must be set aside when the trial court conducted the jury trial while his request for removal to federal court was pending. Mamon asserts that "Indiana courts lose jurisdiction in a criminal prosecution upon service of the removal petition." Appellant's Br. p. 15. Therefore, Mamon contends that the trial court lacked jurisdiction when the trial court continued to conduct the trial after Mamon had filed his petition for removal.

Notwithstanding Mamon's argument, as noted above, 28 U.S.C. § 1455 (b)(2) permits state courts to conduct proceedings in a criminal case while a removal petition is pending. Mamon's argument to the contrary is based on precedent before changes occurred under federal law, including the enactment of the Federal Courts Jurisdiction and Venue Act of 2011, which added 28 U.S.C. § 1455 discussed above.

15

The authority that Mamon cites to the contrary is based on our Supreme Court's review of various federal statutes that have been superseded. Fossey v. State, 254 Ind. 173, 176, 258 N.E.2d 616, 617 (1970). Because federal law currently allows state courts to retain jurisdiction and conduct proceedings following a notice of removal, Mamon has failed to show that the trial court erred in permitting the case to proceed to trial. Thus, Mamon does not prevail on this argument.

CONCLUSION

In light of our discussion above, we conclude that the trial court properly excluded evidence of Mamon's alleged intoxication and did not err in denying his attempt to raise a temporary insanity defense at trial. We also find that there was no unreasonable delay in sentencing Mamon in light of the facts and circumstances in this case because good cause was established and the delay was attributed to Mamon. We further conclude that Mamon failed to show that the three-year sentence that the trial court imposed was inappropriate, and the trial court retained jurisdiction over the matter. Thus, the trial could proceed while Mamon's request for removal to federal court was pending.

The judgment of the trial court is affirmed.

BARNES, J., and CRONE, J., concur.