## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 09 2015, 5:40 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Ryan P. Dillon
Dillon Legal Group, P.C.
Franklin, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Daniel Smith,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 9, 2015

Court of Appeals Case No.
07A01-1411-CR-485

Appeal from the Brown Circuit Court
Cause Nos. 07C01-1207-CM-251, 07C01-1308-CM-292
The Honorable Judith A. Stewart, Judge

**Bailey, Judge.**

# Case Summary

Daniel Smith ("Smith") appeals his convictions for two counts of Violating Orders to Vacate a Condemned Dwelling, Class B misdemeanors.[1] We affirm.

# Issues

Smith presents two issues for review:

    I.     Whether he was denied the right to present a meaningful defense; and

    II.    Whether fundamental error in the admission of evidence denied Smith a fair trial.

# Facts and Procedural History

In 2004, Smith purchased property in Nashville, Indiana, formerly occupied by the local American Legion chapter ("the Property"). On January 4, 2012, the Brown County Health Officer issued an Order to Vacate the Property, which apparently lacked a septic system appropriate for residential use. Copies of the order were left at the Property on that date. The following day, a copy was personally delivered to Smith. The order was not appealed.

In February and April of 2012, Brown County Health Department employee April Reeves ("Reeves") visited the Property to record electric meter readings

---

[1] Ind. Code §§ 16-41-20-4, 16-41-20-13.

and make observations relative to use of the Property. On April 13, 2012, Brown County Sheriff's Deputy Michael Moore visited the Property, where he observed a posted condemnation notice. Deputy Moore also encountered Smith, who reported living on a boat parked at the Property.

[5] On July 17, 2012, the State filed a four-count Information in Cause No. 07C01-1207-CM-251, charging that Smith had failed to vacate a condemned dwelling on or about February 1, 2012, March 1, 2012, April 1, 2012, and April 13, 2012.

[6] On July 18, 2013, Brown County Sheriff's deputies executed a search warrant at the Property. The search yielded recent mail, fresh groceries, and rudimentary water drainage components. On August 19, 2013, the State filed an Information in Cause No. 07C01-1308-CM-292, alleging that Smith had failed to vacate a condemned dwelling on or about July 18, 2013.

[7] On February 14, 2013, the Prosecutor filed a Motion in Limine, seeking to prevent Smith from introducing evidence to challenge the validity of the Order to Vacate. The State also moved to join the separate causes. At a hearing conducted on March 21, 2014, Smith argued that the local health department lacked jurisdiction to issue an order concerning a commercial building. The Prosecutor pointed out that the Order to Vacate had not been challenged in an administrative appeal. At the conclusion of the hearing, the trial court consolidated the charges for trial and requested the submission of briefs on the admissibility of evidence as to the validity of the Order to Vacate.

[8] On April 15, 2014, the trial court issued an order regarding the Motion in Limine. In relevant part, the order provided: "[Smith] cannot use this criminal proceeding as a *per se* challenge to the validity of the health officer's Order to Vacate." (App. 61.) The order further provided:

> the Court also finds that an order in limine prohibiting any reference to the validity of the Order to Vacate may be too broad and may prohibit relevant evidence of *mens rea* at the time of the alleged offenses, such as an explanation of why the defendant continued to live at the location, if he did.

(App. 62.) Accordingly, Smith was to be afforded the opportunity to request an additional hearing at trial, outside the presence of the jury, should he seek to offer evidence of invalidity of the Order to Vacate relative to his criminal intent. On August 13, 2014, the parties convened for a pre-trial hearing and the trial court clarified that there remained "a big gray area on the culpability" and the trial court would "have to hear the testimony." (Tr. 19-20).

[9] On August 13, 2014, Smith was brought to trial before a jury. He was acquitted of three charges and convicted of two -- with respect to the dates of April 13, 2012 and July 18, 2013. Smith was sentenced to an aggregate term of forty days imprisonment, all suspended. This appeal ensued.

# Discussion and Decision

## *Right to Present Defense*

[10] Indiana Code Section 16-41-20-13(a) provides that a person who "recklessly violates or fails to comply" with the statutory chapter on Unfit Dwellings

commits a Class B misdemeanor.  Smith contends that the trial court denied him a meaningful opportunity to present a defense by excluding evidence of the invalidity of the Order to Vacate.  He concedes that he did not comply with Indiana Code Section 16-41-20-9(a), which provides:

> A person aggrieved by an order of a local board of health or county health officer issued under this chapter may, not more than ten (10) days after the making of the order, file with the circuit or superior court a petition seeking a review of the order.

[11]  However, according to Smith, "without evidence of State approved rules and regulations regarding the enforcement of septic systems, the Order stands invalid and unable to be enforced."  (Appellant's Br. at 8.)  He also observes that the Property was identified in county records as commercial property, and suggests that local county health officers may act only with respect to personal residences.  In essence, Smith asserts that he should have been permitted to collaterally attack the Order to Vacate, although he failed to perfect a timely appeal to challenge its validity.

[12]  A trial court exercises broad discretion in ruling on the admissibility of evidence, and an appellate court should disturb its ruling only where it is shown that the court abused its discretion.  *Camm v. State*, 908 N.E.2d 215, 225 (Ind. 2009).  Generally, the admission or exclusion of evidence will not result in a reversal on appeal absent a manifest abuse of discretion that results in the denial of a fair trial.  *Dorsey v. State,* 802 N.E.2d 991, 993 (Ind. Ct. App. 2004).

[13]  "The right to present a defense is a fundamental element of due process of law" and a defendant has a right to present relevant evidence offered to challenge the

charges against him. *Manigault v. State*, 881 N.E.2d 679, 690 (Ind. Ct. App. 2008). A defendant's right to present a defense includes the right to present his or her version of the facts. *Parker v. State*, 965 N.E.2d 50, 53 (Ind. Ct. App. 2012). Although this right is of the utmost importance, it is not absolute. *Id.*

[14] Pursuant to Indiana Code Section 16-41-20-13(a), the State was required to establish that Smith had violated an order issued under the Unsafe Dwellings chapter and that he had acted recklessly. The elements of the charged offense to be established beyond a reasonable doubt did not include validity of the underlying order.

[15] Smith was placed in a position of defending against the State's allegations that he had recklessly violated an order that he vacate a condemned dwelling. Smith testified at his trial, conceding that he had seen the Notice to Vacate and that he had not filed a petition for review. However, he claimed that his property had been condemned "for no reason" and he had "not figured out why." (Tr. 173, 188.) In an offer to prove, Smith testified that the Property was zoned commercial, he had an operating septic system, and he had been treated unfairly. His offer of proof, if credited, did not directly call into question the validity of the Order to Vacate. Regardless, defects in the Order to Vacate do provide a defense to the offense with which Smith was charged.

[16] To the extent that Smith desired to collaterally attack the Order to Vacate, it is undisputed that he failed to challenge its validity by a timely appeal. The State was not required to independently establish its validity. Smith's offer of proof

did not demonstrate its invalidity. To the extent that Smith desired to present evidence of his state of mind, personal beliefs, or mens rea, he was not denied the right to do so. Smith has not demonstrated that he was deprived of a meaningful opportunity to present a complete defense.

## *Admission of Evidence*

[17] Without objection from Smith,[2] the State offered into evidence State's Exhibit 7, the Information filed in cause number 07-C01-1207-CM-251. Smith now asserts that the four-count allegations have negative implications regarding Smith's character and violate Ind. Evidence Rule 404(b), which provides in relevant part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]

[18] The defendant's failure to lodge a contemporaneous objection at the time evidence is introduced at trial results in waiver of the error on appeal. *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010). "The purpose of this rule is to allow the trial judge to consider the issue in light of any fresh developments and also to correct any errors." *Id.* A claim that has been thus waived can be reviewed on appeal if the reviewing court determines that a fundamental error occurred. *Id.* The fundamental error exception is "'extremely narrow, and applies only when

---

[2] Smith's counsel stated that he had "no objection." (Tr. 70.)

the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process.'" *Id.* (quoting *Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006)). The exception is available only in '"egregious circumstances."' *Id.* (quoting *Brown v. State*, 799 N.E.2d 1064, 1068 (Ind. 2003)).

[19] The rationale for the prohibition against bad act and character evidence is that the jury is precluded from making the forbidden inference that the defendant had a criminal propensity and therefore engaged in the charged conduct. *Monegan v. State*, 721 N.E.2d 243, 248 (Ind. 1999). However, "the rule does not bar evidence of uncharged acts that are 'intrinsic' to the charged offense." *Wages v. State*, 863 N.E.2d 408, 411 (Ind. Ct. App. 2007). Acts are "intrinsic" if they occur at the same time and under the same circumstances as the crimes charged. *Id.*

[20] State's Exhibit 7 did not reference extrinsic conduct. Indeed, it reflected charged conduct.[3] The exhibit consisted of the Information alleging that Smith failed to vacate his condemned dwelling on four occasions in February, March, and April of 2012. The same Information was read to the jury as part of their preliminary instructions; its subsequent admission was cumulative. The trial

---

[3] Smith acknowledges this in his Reply Brief, stating: "Had the cases not been joined for purposes of trial, Trial Exhibit 7 would have been evidence of uncharged conduct and would not have been able to be permitted." (Reply Br. at 4.)

court did not admit evidence of "other crimes, wrongs, or acts." Evid. R. 404(b). Smith has failed to demonstrate fundamental error.

# Conclusion

Smith was not denied the opportunity to present a meaningful defense. Nor did fundamental error deprive him of a fair trial.

Affirmed.


Riley, J., and Barnes, J., concur.