**William J. VANDERGRIFF,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 34A05–9503–CR–89.**

Court of Appeals of Indiana.

July 26, 1995.

William C. Menges, Jr., Howard County Public Defender, Kokomo, for appellant.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant William J. Vandergriff appeals from his conviction of battery, as a Class B misdemeanor [1].

We affirm.

1. IND.CODE 35–42–2–1(a) (1994).

### ISSUE

We are asked to consider whether the trial court erred when it delayed Vandergriff's sentencing hearing 252 days after judgment of conviction was entered.

### STATEMENT OF THE FACTS

On November 30, 1993, Vandergriff was charged by information with the battery of his then-wife Toni Vandergriff. Following a bench trial on March 11, 1994, Vandergriff was found guilty as charged. On November 18, 1994, Vandergriff was sentenced to 100 days in the Howard County Criminal Justice Center, suspended, and six-months probation. Vandergriff now appeals.

### DISCUSSION AND DECISION

Vandergriff contends that the trial court erred when it failed to sentence him within 30 days of his conviction and as a result he seeks discharge.

■ Statutory authority in Indiana mandates that "[u]pon entering a conviction, the court shall set a date for sentencing within thirty (30) days, unless for good cause shown an extension is granted." I.C. 35–38–1–2(b) (1994); *See also* Ind.Crim.Rule 11 (defendant convicted in a criminal case shall be sentenced within thirty (30) days of the plea or verdict of guilty, unless an extension for good cause is shown). Case law interpreting the above authority makes clear that the sentencing court is excused from the thirty-day sentencing requirement where there is good cause for delay. *Kindred v. State* (1988), Ind., 524 N.E.2d 279, 302; *Arnold v. State* (1973), 157 Ind.App. 359, 300 N.E.2d 135, 137. Furthermore, such cause may be presumed where the record is silent as to the reason for the delay and the defendant made no objection. *Williams v. State* (1986), Ind., 489 N.E.2d 53, 57.

■ Here, the trial court judge clearly stated, on the record, his reason for postponing sentencing. After finding Vandergriff guilty, the trial court judge informed the

parties that the court was taking the sentencing decision under advisement. At the time of the bench trial, a divorce was pending between the parties and the trial court judge explained that he was postponing sentencing to facilitate the finalization of the divorce without further altercation. The judge informed the parties that the sentencing hearing would be conducted and he would enter sentence after the divorce was final. The trial court further instructed Vandergriff to keep his attorney informed every two weeks regarding the progress of the pending divorce action. At the November 17, 1994, sentencing hearing, the court reiterated to the parties that he had taken the sentencing issue under advisement due to the pending dissolution action, and that the dissolution being final, the court was ready to proceed.

Vandergriff did not object to the postponement until the sentencing hearing. After Vandergriff interposed his initial objection to the delay in sentencing, the trial court judge ruled that Vandergriff had waived his right to be sentenced within 30–days due to his failure to raise the objection in a timely manner. We agree.

Based on the trial court's numerous explanations to the parties, we have no hesitation in concluding that there existed a good reason for the postponement of sentencing. The record indicates that the Vandergriff's marital relationship was quite tumultuous, including several reports of domestic violence in the parties' various states of residence.

In the absence of a timely objection to the sentencing delay and in the absence of any demonstrated prejudice to Vandergriff, we find no error. *See Murphy v. State* (1983), Ind.App., 447 N.E.2d 1148, 1150 (failure to object to the postponement of sentencing results in waiver of any error); *North v. State* (1980), Ind.App., 406 N.E.2d 657, 661 (a defendant complaining of a delay in sentencing must show he was in some way prejudiced by the delay).

### CONCLUSION

While it is the duty of the court to impose sentence in a timely manner, the trial court

has shown good cause for the delay and we decline to disturb the conviction.

Accordingly, the trial court is affirmed.

RUCKER and FRIEDLANDER, JJ. concur.