**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JOHN T. WILSON**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANDREW ABBOTT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  33A04-1109-CR-545 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Bob A. Witham, Judge
Cause No.  33D02-1012-FD-338

**March 30, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

Andrew Abbott appeals his sentence following a plea of guilty to class A misdemeanor trespass.[1]

We affirm.

ISSUE

Whether the trial court improperly sentenced Abbott.

FACTS

On December 28, 2010, the State charged Abbott with Count 1, class D felony theft, and Count 2, class A misdemeanor trespass. The State also alleged Abbott to be an habitual offender. The trial court held an initial hearing on December 28, 2010, during which Abbott pleaded not guilty to Count 1 and guilty to Count 2. The trial court took the guilty plea under advisement and set it for disposition on January 11, 2011. As to the remaining count, the trial court set a pre-trial conference for March 9, 2011, which it subsequently rescheduled to March 7, 2011. The trial court ordered that Abbott be held without bond due to a pending parole violation.

On January 11, 2011, the trial court, on its own motion, ordered that the hearing on Count 2 be consolidated with the pre-trial conference, to be held on March 7, 2011. On March 7, 2011, Abbott filed a motion to reset the pre-trial conference. Accordingly, the trial court rescheduled the consolidated hearing and conference for May 16, 2011.

---

[1] Ind. Code § 35-43-2-2.

On March 28, 2011, Abbott requested a change of appointed counsel. The trial court granted Abbott's request and reset the pre-trial conference and hearing to March 30, 2011. "By agreement of the parties," the trial court reset the conference and hearing to April 6, 2011. (App. 4). On its own motion, the trial court then continued the conference and hearing to April 11, 2011. On April 11, 2011, Abbott requested that Count 2 be dismissed "due to not being sentenced within 30 days." (App. 4). The trial court took the matter under advisement.

On May 18, 2011, the State filed a motion to dismiss Count 1 and the habitual offender allegation. On May 20, 2011, the trial court granted the State's motion and scheduled a "review hearing" on Count 2 for June 29, 2011. The trial court subsequently rescheduled the hearing two times "[b]y agreement of the parties[.]" (App. 4, 5). On August 17, 2011, the trial court accepted Abbott's guilty plea, entered judgment of conviction, and sentenced Abbott to one year.

## DECISION

Abbott asserts that the trial court improperly sentenced him. Specifically, he argues that the trial court failed to sentence him within thirty days of his conviction for trespass. He therefore seeks discharge.

Indiana Code section 35-38-1-2(b) provides that "[u]pon entering a conviction, the court shall set a date for sentencing within thirty (30) days, unless for good cause shown an extension is granted." (Emphasis added). Here, there is no evidence in the record that the trial court accepted Abbott's guilty plea prior to August 17, 2011. In fact, the trial

3

court only stated that the guilty plea was taken under advisement on December 28, 2010. Thus, we cannot say that the trial court entered a judgment of conviction on December 28, 2010, as asserted by Abbott. *See State v. Daniels*, 680 N.E.2d 829, 834 (Ind. 1997) (finding that the trial court did not enter a judgment of conviction where it only stated that the guilty plea was taken under advisement; there was no evidence that the trial court accepted the guilty plea; and there was no order book entry finding the defendant guilty); *cf. Benson v. State*, 780 N.E.2d 413, 419 (Ind. Ct. App. 2002) (finding that the undisputed evidence showed that the trial court accepted the plea agreement where the chronological case summary stated that the trial court entered a judgment of conviction), *trans. denied*. Rather, the trial court entered the final judgment of conviction on August 17, 2011, when it sentenced Abbott. *See Ford v. State*, 570 N.E.2d 84, 87 (Ind. Ct. App. 1991) (where the trial court does not formally enter judgment following a plea of guilty, the sentence is the final judgment of conviction), *trans. denied*. Accordingly, we find that the trial court timely sentenced Abbott.[2]

Affirmed.

BAKER, J., and BAILEY, J., concur.

---

[2] We also note that Abbott did not object to the delay in sentencing until April 11, 2011, several months after he pleaded guilty to Count 2. Although the record is silent as to the reasons for the numerous delays in sentencing, it appears that the trial court was dealing with a myriad of filings regarding Abbott, including a motion for a speedy trial on Count 1; Abbott's request for change of appointed counsel, which the trial court granted; attempts to negotiate a plea agreement on Count 1; and the filing of a new charge. During the course of these proceedings, trial court delayed the sentencing both on its own motions and either at Abbott's request or by agreement of the parties. We therefore presume that there was good cause for the delays. *See Vandergriff v. State*, 653 N.E.2d 1053, 10.53 (Ind. Ct. App. 1995) (stating that good cause "may be presumed where the record is silent as to the reason for the delay and the defendant made no objection"). Given the presumed good cause for the delays, the trial court is excused from the thirty-day sentencing requirement. *Id*.