## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 12 2016, 8:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nancy E. McCaslin
McCaslin & McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marc Lindsey,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 12, 2016

Court of Appeals Case No.
20A03-1508-CR-1086

Appeal from the Elkhart Superior Court

The Honorable David C. Bonfiglio, Judge

Trial Court Cause No.
20D06-1210-FD-1224

**May, Judge.**

Marc Lindsey appeals his conviction of Class D felony operating a vehicle while intoxicated.[1] He presents five issues for our review which we restate as:

1. Whether the prosecutor committed misconduct during closing argument;

2. Whether the trial court properly instructed the jury regarding the element of endangerment;

3. Whether the State presented sufficient evidence Lindsey committed Class D felony operating a vehicle while intoxicated;[2]

4. Whether the trial court erred when it delayed Lindsey's sentencing past the thirty-day statutory limit; and

5. Whether Lindsey's trial counsel was ineffective.

We affirm.

# Facts and Procedural History

On October 11, 2012, Officer Evan Witt initiated a traffic stop after he observed Lindsey exceeding the speed limit. Lindsey pulled into a nearby driveway and began to exit the vehicle. Officer Witt told Lindsey to stay in the vehicle.

---

[1] Ind. Code § 9-30-5-3(1) (2008).

[2] The trial court also convicted Lindsey of Class A misdemeanor driving while suspended. He does not challenge that conviction.

Lindsey again attempted to exit the vehicle, and Officer Witt again told Lindsey to remain in the vehicle.

[3] When Officer Witt approached Lindsey's vehicle, he noticed Lindsey "was fumbling as he [was] putting the keys back in the ignition" so he could roll down the window. (Tr. at 108.) Once Lindsey rolled down the window, Officer Witt noticed a heavy odor of alcoholic beverage and Lindsey's glassy and bloodshot eyes. Officer Witt told Lindsey he had observed Lindsey speeding, and Lindsey indicated his license was suspended and asked Officer Witt not to give him a speeding ticket. Officer Witt noticed Lindsey's speech was slurred.

[4] Officer Witt then asked Lindsey to complete three standard field sobriety tests and Lindsey failed all three. Officer Witt asked Lindsey to take a Certified Chemical Test and Lindsey refused. Lindsey was arrested and transported to jail, where he again refused to take a Certified Chemical Test.

[5] On October 15, 2012, the State charged Lindsey with Class A misdemeanor operating a vehicle while intoxicated, Class A misdemeanor operating a vehicle while suspended, and Class D felony operating a vehicle while intoxicated, which is an enhancement of the misdemeanor charge based on Lindsey's prior conviction of driving while intoxicated.[3] On June 1, 2015, a jury returned a guilty verdict on all charges. The trial court merged the two operating a vehicle

---

[3] Ind. Code § 9-30-5-2(b).

while intoxicated verdicts and entered convictions of Class D felony driving while intoxicated and Class A misdemeanor operating while suspended. On July 15, 2015, the trial court sentenced Lindsey to three years for the Class D felony and one year for the Class A misdemeanor, to be served concurrently.

# Discussion and Decision

## I. Prosecutorial Misconduct

[6]     Our standard of review regarding alleged prosecutorial misconduct is well-settled:

> In reviewing a claim of prosecutorial misconduct properly raised in the trial court, we determine (1) whether misconduct occurred, and if so, (2) "whether the misconduct, under all of the circumstances, placed the defendant in a position of grave peril to which he or she would not have been subjected" otherwise. *Cooper v. State*, 854 N.E.2d 831, 835 (Ind. 2006), quoted in *Castillo v. State*, 974 N.E.2d 458, 468 (Ind. 2012). A prosecutor has the duty to present a persuasive final argument and thus placing a defendant in grave peril, by itself, is not misconduct. *Mahla v. State*, 496 N.E.2d 568, 572 (Ind. 1986). "Whether a prosecutor's argument constitutes misconduct is measured by reference to case law and the Rules of Professional Conduct. The gravity of peril is measured by the probable persuasive effect of the misconduct on the jury's decision rather than the degree of impropriety of the conduct." *Cooper*, 854 N.E.2d at 835 (emphasis added) (citations omitted). To preserve a claim of prosecutorial misconduct, the defendant must - at the time the alleged misconduct occurs - request an admonishment [sic] to the jury, and if further relief is desired, move for a mistrial. *Id*.

*Ryan v. State*, 9 N.E.3d 663, 667 (Ind. 2014), *reh'g denied*.

[7] Though he objected to one of the prosecutor's statements during closing arguments, Lindsey did not request an admonition or move for a mistrial. Thus, Lindsey failed to preserve his claim of prosecutorial misconduct and must establish fundamental error. *See id*. at 667-68. Error is fundamental when it so blatantly violates basic elementary principles that its harm or potential for harm is inescapable, and the prejudicial effect of the violation is such that the defendant's right to a fair trial is eviscerated. *Id*. at 668. The defendant carries a heavy burden in demonstrating fundamental error. *Id*.

[8] Lindsey asserts prosecutorial misconduct based on two statements during closing argument. Lindsey objected to the first:

> [State]: . . . Refusal to take this [breath test] will result in your license being suspended for at least one year. You heard, you heard Officer Witt testify, you heard Officer Witt read that from memory. That's because he reads it a lot. He memorizes it. When you've done something a hundred plus times, it sticks in your head. So you ask yourself, why didn't he take the test?
>
> [Lindsey]: Objection, your Honor. That is improper.
>
> [Court]: I think the law allows it to be admitted into evidence that --
>
> [Lindsey]: He has the right to refuse.
>
> [Court]: But the law says it can be admitted into evidence so counsel can argue what it means.

[Lindsey]:      Thank you, your Honor.

[State]:      So why didn't he take the test?  Because he knew he
was intoxicated.  So he would rather take the
lengthy, an additional lengthy suspension on his
license rather than take that test and prove the
inevitable.  In opening statement the defense said
that he didn't take that breath test because he didn't
want to be railroaded.  And, again, I suggest to you,
he didn't take that test, not because he didn't want
to be railroaded, because he knew he was
intoxicated.

(Tr. at 191-2.)  Lindsey did not object to the second statement:

[State]:      And as jurors you can use your common sense what
reason would Mr. Lindsey have to refuse to take
that test if he wasn't intoxicated.  Why would be
[sic], for lack of a better word, why would he eat a
one year license suspension if he wasn't afraid of the
results?

If it was true that the Field Sobriety Tests were all
incorrect, that he has a medical condition that
validate [sic] those results, that he didn't have
anything to drink.  That is [sic] was Listerine on his
breath that the officer smelled, that his red eyes
were a result of being tired, that driving 62 in a 35
mph zone, if all those weren't evidence of
intoxication, weren't evidence of impairment, he
could have solved that very easily that day by just
blowing into a Certified Breath Test, and if what he
was saying was true it would have read .00.

But instead he said, nope, I'm not going to do that. I'm going to eat a one year driver's license suspension and like I said, you can use your common sense. He did that because he knew what the results would be. That's why that, the fact right there is the strongest part of our case. I'm not telling you the defendant was (Inaudible.) [sic] it's not just me. It's not just the [S]tate. It's not just Patrolman Witt. Even the defendant on that date knew he was operating while intoxicated and he didn't want to give us the evidence and that's why [he] refused.

(*Id.* at 206-7.)

[9] The United States Supreme Court's holding *Doyle v. Ohio*, 426 U.S. 610, 619 (1976), prohibits the prosecution from commenting on a defendant's post-arrest silence. Lindsey argues the State's comments regarding his refusal to take a Certified Chemical Test contravened the holding in *Doyle*. However, Lindsey's *Doyle* argument is misplaced, as the prosecutor's comments targeted not Lindsey's post-arrest silence but his refusal to take a Certified Chemical Test. Refusal to submit to such a test is admissible into evidence under Ind. Code § 9-30-6-3. It is well settled parties may discuss "any argument as to position or conclusions based on the attorney's analysis of the evidence." *Taylor v. State*, 457 N.E.2d 594, 599 (Ind. Ct. App. 1983). Lindsey's refusal to take the chemical test was properly in evidence, and the statements during closing argument were the State's commentary on the evidence before the jury. Additionally, the trial court instructed the jury, "[s]tatements made by the attorneys are not evidence." (App. at 145.) As the statements were proper and

Lindsey did not show the statements put him in grave peril of receiving an unfair trial, we cannot find fundamental error.[4] *Cf. Ryan*, 9 N.E.3d at 668 (fundamental error exists when defendant demonstrates error put him in grave peril of an unfair trial).

## II. Jury Instruction Regarding Endangerment

[10] Our standard of review regarding the trial court's decision on jury instructions is well-settled:

> The purpose of jury instructions is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict. In reviewing a trial court's decision to give a tendered jury instruction, we consider (1) whether the instruction correctly states the law, (2) is supported by the evidence in the record, and (3) is not covered in substance by other instructions. The trial court has discretion in instructing the jury, and we will reverse only when the instructions amount to an abuse of discretion. To constitute an abuse of discretion, the instructions given must be erroneous, and the instructions taken as a whole must misstate the law or otherwise mislead the jury. We will

---

[4] Lindsey also claims the statements shifted the burden of proof to him to prove why he did not take the Certified Chemical Test. However, Lindsey did not develop an argument or cite case law to support his bald assertions. Therefore, the issue is waived for failure to make a cogent argument. *See* Ind. App. Rule 46(A)(8)(a) (assertions on appeal must be supported by cogent argument); *see also Matheney v. State*, 688 N.E.2d 883, 907 (Ind. 1997) (failure to make cogent argument waives issue on appeal), *reh'g denied, cert. denied*. Waiver notwithstanding, Lindsey's argument seems to be his attempt to demonstrate the prejudice required for our Court to find fundamental error in the prosecutor's comments. *See Ryan*, 9 N.E.3d at 668 (fundamental error exists when the error is so prejudicial that it eviscerates the defendant's right to a fair trial). As we hold the statements at issue were proper comments on the admissible evidence, we need not consider their alleged prejudicial effect. *See Hancock v. State*, 737 N.E.2d 791, 798 (Ind. Ct. App. 2000) (prosecutor's statement regarding the evidence was not prosecutorial misconduct and thus not fundamental error).

consider jury instructions as a whole and in reference to each other, not in isolation.

*Munford v. State*, 923 N.E.2d 11, 14 (Ind. Ct. App. 2010). "A defendant is only entitled to reversal if he affirmatively demonstrates that the instructional error prejudiced his substantial rights." *Hero v. State*, 765 N.E.2d 599, 602 (Ind. Ct. App. 2002), *trans. denied*.

[11] The trial court proposed the following instruction regarding the definition of the word "endangerment" as an element of Ind. Code § 9-30-5-2(b):

DEFINITION "TO ENDANGER A PERSON"

Endangerment can be established by showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant. Endangerment does not require that a person other than the defendant was in the path of the defendant's vehicle or in the same area. The evidence must include more than a mere showing of intoxication.

(App. at 110) (capitalization in original). Lindsey objected:

[Lindsey]:    . . . My quarrel with it is the heading. Definition: To Endanger a Person. It's really not defining endangerment in any way. It says endangering can be established by showing the defendant's condition or operating manner could have endangered, using the same word, any person, including the public, etc. It goes on to say what the requirements are. That it's not required other than defendant was in the path of defendant's, it doesn't require somebody in the path of the vehicle and it has to be more than a mere showing. All of that I believe is a correct statement of the law, but it is not a definition and I think that just

really misleads the jury into thinking that if they, um, it's kind of like a circular argument that if they find that, they don't have to find that there was somebody actually injured that there, there was a path were [sic] somebody was in the path of defendant's vehicle, etc. that they're off the hook on endangerment, but I really think that there is a word named endangerment that has an actual definition and that is not the definition of it.

(Tr. at 82.)

[12] On appeal, Lindsey argues the trial court abused its discretion when it gave the endangerment instruction because it was "incomplete and, could have misled the jury, and, therefore, did not correctly state the law." (Br. of Appellant at 14.) However, Lindsey conceded during trial, "[a]ll of that I believe is a correct statement of law." (Tr. at 82.) Thus, Lindsey cannot now argue the instruction is an incorrect statement of law. *See Meriweather v. State*, 984 N.E.2d 1259, 1263 (Ind. Ct. App. 2013) (appellant cannot present one argument at trial and a different argument on appeal), *trans. denied*.

[13] Furthermore, contrary to Lindsey's assertion, the instruction is an accurate legal explanation of "endangerment" as used in Ind. Code § 9-30-5-2(b):

> The element of endangerment can be established by evidence showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant. *Staley v. State*, 895 N.E.2d 1245, 1249 (Ind. Ct. App. 2008) (citing *Blinn v. State*, 677 N.E.2d 51, 54 (Ind. Ct. App. 1997)). Endangerment does not require that a person other than the defendant be in the path of the defendant's vehicle or in the same area to obtain a conviction. *Id.* at 1251 (citing *State v. Krohn*, 521 N.E.2d 374, 377 (Ind. Ct. App. 1988)). . . . By

> definition the statute requires more than intoxication to prove
> endangerment.

*Vanderlinden v. State*, 918 N.E.2d 642, 644 (Ind. Ct. App. 2009), *trans. denied*. The instruction was an accurate statement of law and thus the trial court did not abuse its discretion when it denied Lindsey's request to change it.

## III. Sufficiency of the Evidence

When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id*. To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id*. We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the factfinder's decision. *Id*. at 147.

[15] To prove Lindsey committed Class A misdemeanor[5] operating a vehicle while intoxicated endangering a person, the State had to present sufficient evidence he operated a vehicle while intoxicated "in a manner that endangers a person." Ind. Code § 9-30-5-2(b). The statute defines "intoxicated" as "under the influence of . . . (1) alcohol . . . so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind. Code § 9-13-2-86.

[16] Impairment can be proven based on evidence of: "(1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech." *Vanderlinden*, 918 N.E.2d at 644. The State presented evidence Lindsey was impaired. Officer Witt testified Lindsey fumbled to get his keys in the ignition of his vehicle, he smelled of alcohol, and he had bloodshot and glassy eyes. Lindsey failed three Standard Field Sobriety Tests. Lindsey's alternative explanations for his condition are invitations for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court cannot reweigh the evidence or judge the credibility of witnesses).

---

[5] The conviction of driving while intoxicated in a manner that endangers a person was entered as a Class D felony based on Lindsey's prior conviction of driving while intoxicated. Lindsey does not challenge the prior conviction.

[17] To prove Lindsey was intoxicated "in a manner that endanger[ed] a person," Ind. Code § 9-30-5-2(b), the State had to present evidence "showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant." *See Vanderlinden*, 918 N.E.2d at 644. Endangerment does not require "a person other than the defendant be in the path of the defendant's vehicle or in the same area to obtain a conviction." *Id*. at 644-5. While intoxication alone is not enough to prove the endangerment element, the evidence is sufficient to prove a person was intoxicated in a manner that endangers another if the person is exceeding the speed limit. *Id*. at 646.

[18] Officer Witt testified he stopped Lindsey after he saw Lindsey traveling sixty-two miles per hour in a thirty-five miles per hour zone. There was evidence Lindsey operated his vehicle in a manner that endangered a person under Ind. Code § 9-30-5-2(b). Lindsey's argument regarding the lack of physical evidence to corroborate Officer Witt's testimony is an invitation for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court cannot reweigh the evidence or judge the credibility of witnesses).

## IV. Delay in Sentencing

[19] "Upon entering a conviction, the court shall set a date for sentencing within thirty (30) days, unless for good cause shown an extension is granted." Ind. Code § 35-38-1-2(b). The sentencing court is excused from the thirty-day

sentencing requirement where there is good cause for delay. *Vandergriff v. State*, 653 N.E.2d 1053, 1053 (Ind. Ct. App. 1995). Good cause is "presumed where the record is silent as to the reason for the delay and the defendant made no objection." *Id*.

[20] On June 1, 2015, a jury found Lindsey guilty as charged and the trial court entered convictions of Class A misdemeanor driving while suspended and Class D felony operating a vehicle while intoxicated. The trial court set Lindsey's sentencing date for June 24, 2015. On June 18, 2015, the trial court rescheduled Lindsey's sentencing hearing for July 15, 2015, stating: "this judicial officer's required attendance on June 24, 2015, at an evidentiary hearing in Indianapolis: ***In the Attorney Reinstatement Matter of: F. Anthony Zirkle*** and a previously planned vacation, this matter is re-set [sic] for sentencing on July 15, 2015, at 10:00 AM." (App. at 15) (emphasis in original). On June 29, 2015, the trial court received a "Motion to Pronounce Sentence" from Lindsey "without the approval of [his] attorney," (*id*. at 196), objecting to the rescheduled date.

[21] As a preliminary matter, Lindsey contends he objected to the rescheduled date. However, the trial court did not consider Lindsey's *pro se* "Motion to Pronounce Sentence" and labeled it in the Chronological Case Summary as an *ex parte* communication. It was within the court's discretion to do so. *See Schepers v. State*, 980 N.E.2d 883, 887 (Ind. Ct. App. 2012) (trial court was within its discretion to deny *pro se* motion filed by defendant represented by counsel). As Lindsey did not properly object to the rescheduling of his

sentencing hearing, his claim is waived. *See Vandergriff*, 653 N.E.2d at 1054 (failure to object to the postponement of sentencing results in waiver of any error). Waiver notwithstanding, we conclude there was good cause for the brief postponement. *See id.* (clear statement of reason for rescheduling is sufficient to demonstrate good cause for delay).

## V. Ineffective Assistance of Counsel

[22] We begin our review of a claim of ineffective assistance of counsel with a strong presumption "that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Ward v. State*, 969 N.E.2d 46, 51 (Ind. 2012) (internal citation omitted), *reh'g denied*. Trial counsel has wide latitude in selecting trial strategy and tactics, which will be subjected to deferential review. *Id.* "[A] defendant must offer strong and convincing evidence to overcome this presumption." *Harrison v. State*, 707 N.E.2d 767, 777 (Ind. 1999), *reh'g denied*, *cert. denied sub nom Harrison v. Indiana*, 529 U.S. 1028 (2000).

[23] An ineffective assistance challenge requires a defendant establish both deficient performance and resulting prejudice. *Pontius v. State*, 930 N.E.2d 1212, 1219 (Ind. Ct. App. 2010), *trans. denied*. Performance is deficient when trial counsel's representation falls below an objective standard of reasonableness causing errors sufficiently serious to amount to a denial of the defendant's Sixth Amendment right to counsel. *Wesley v. State*, 788 N.E.2d 1247, 1252 (Ind. 2003), *reh'g denied*. Prejudice is established when "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." *Id*. If defendant does not establish prejudice, we need not evaluate trial counsel's performance. *Pontius*, 930 N.E.2d at 1219.

[24] Lindsey contends his "trial counsel did not fully investigate and present evidence at trial that cast doubts on the State's theory." (Br. of Appellant at 33.) Specifically, Lindsey claims his trial counsel did not seek physical evidence such as a speeding ticket or dash camera recording to impeach evidence the State presented. Lindsey has not demonstrated any such evidence exists or explained how its inclusion in the evidence would have affected the outcome of his trial.

[25] "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes a particular investigation[] unnecessary." *Boesch v. State*, 778 N.E.2d 1276, 1283 (Ind. 2002), *reh'g denied*. Demonstrating ineffective assistance of counsel often requires "going beyond the trial record to show what the investigation, if undertaken, would have produced," *Slusher v. State*, 823 N.E.2d 1219, 1223 (Ind. Ct. App. 2005), because the prejudice prong is satisfied only when there is a reasonable probability the outcome would have been affected by the error. *Id*. However, when such a challenge is raised on

direct appeal, we are limited to a review of the trial record.[6] *Pontius*, 930 N.E.2d at 1219.

Further, it seems Lindsey's trial counsel used the lack of physical evidence as a strategy to attack the credibility of the State's evidence, as trial counsel referred to this lack of evidence in opening statements:

> Because even though cars are equipment [sic] with video cameras and audio cameras, we don't get to have that in this case. You don't get to have that in this case. You don't get to see how he looked. You don't get to know if it's the officer being unreasonable and exaggerating or if it's the officer being truthful and right on the mark. You don't get to make that independent determination which you should be able to do, because that evidence and that ability that [sic] exist [sic] in our county to have audio and video, but you don't get that in this case, because the officer's car's video and audio didn't work.

(Tr. at 93-94.) Based on the limited evidence before us on appeal, we cannot find trial counsel ineffective.

# Conclusion

The State presented sufficient evidence Lindsey committed Class D felony driving while intoxicated and the statements made by the State during closing

---

[6] Lindsey's direct appeal of his claim of ineffective assistance of counsel precludes raising the issue again if he pursues post-conviction relief. *See Conner v. State*, 711 N.E.2d 1238, 1244 (Ind. 1999) ("when this Court decides an issue on direct appeal, the doctrine of *res judicata* applies, thereby precluding its review in post-conviction proceedings"), *reh'g denied, cert. denied*.

arguments were not prosecutorial misconduct. The trial court did not abuse its discretion when it gave the instruction regarding endangerment. The trial court showed good cause for rescheduling Lindsey's sentencing. Finally, Lindsey has not demonstrated his trial counsel was ineffective. Accordingly, we affirm.

[28] Affirmed.

Baker, J., and Brown, J., concur.